

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY CIVIL
Docket Report

## 1884CV02965 Nandjou, Chimene Mbague et al vs. Marriott International Inc et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 09/21/2018 |
| **ACTION CODE:** | B08 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Wrongful Death, G.L.c.229, §2A | | |
| **CASE DISPOSITION DATE** 10/30/2018 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 10/30/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil G |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Nandjou, Chimene Mbague | **Attorney**                                    639643<br>Ross E Schreiber<br>The Schreiber Law Firm LLC<br>The Schreiber Law Firm LLC<br>8 Faneuil Hall Marketplace 3rd Floor<br>Boston, MA 02109<br>Work Phone (617) 742-1981<br>Added Date: 09/21/2018 |
| **Plaintiff**<br>Chimene Mbague Nandjou Administrator of the Estate of Menelik Tchouamou | **Attorney**                                    639643<br>Ross E Schreiber<br>The Schreiber Law Firm LLC<br>The Schreiber Law Firm LLC<br>8 Faneuil Hall Marketplace 3rd Floor<br>Boston, MA 02109<br>Work Phone (617) 742-1981<br>Added Date: 09/21/2018 |
| **Plaintiff**<br>Chimene Mbague Nandjou Administrator of the Estate of William Tchouamou Ganjui | **Attorney**                                    639643<br>Ross E Schreiber<br>The Schreiber Law Firm LLC<br>The Schreiber Law Firm LLC<br>8 Faneuil Hall Marketplace 3rd Floor<br>Boston, MA 02109<br>Work Phone (617) 742-1981<br>Added Date: 09/21/2018 |
| **Plaintiff**<br>Chimene Mbague Nandjou PPA Aurellia Llana Saleng | **Attorney**                                    639643<br>Ross E Schreiber<br>The Schreiber Law Firm LLC<br>The Schreiber Law Firm LLC<br>8 Faneuil Hall Marketplace 3rd Floor<br>Boston, MA 02109<br>Work Phone (617) 742-1981<br>Added Date: 09/21/2018 |

| | | |
|---|---|---|
| **Plaintiff**<br>Chimene Mbague Nandjou PPA Wilma Tchouamou Mgabue | **Attorney**<br>Ross E Schreiber<br>The Schreiber Law Firm LLC<br>The Schreiber Law Firm LLC<br>8 Faneuil Hall Marketplace 3rd Floor<br>Boston, MA 02109<br>Work Phone (617) 742-1981<br>Added Date: 09/21/2018 | **639643** |
| **Defendant**<br>Marriott International Inc | **Attorney**<br>James M Campbell<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>One Constitution Center<br>Third Floor<br>Charlestown, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | **541882** |
| | **Attorney**<br>Jeffrey E Falvey<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>1 Constitution Ctr<br>3rd Floor<br>Boston, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | **698891** |
| **Defendant**<br>Marriott Worldwide Corporation | **Attorney**<br>James M Campbell<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>One Constitution Center<br>Third Floor<br>Charlestown, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | **541882** |
| | **Attorney**<br>Jeffrey E Falvey<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>1 Constitution Ctr<br>3rd Floor<br>Boston, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | **698891** |



| Defendant | Attorney | 541882 |
|---|---|---|
| Reluxicorp Inc Doing Business as The Residence Inn by Marriott | James M Campbell<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>One Constitution Center<br>Third Floor<br>Charlestown, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | |
| | **Attorney** | **698891** |
| | Jeffrey E Falvey<br>Campbell Campbell Edwards & Conroy, P.C.<br>Campbell Campbell Edwards & Conroy, P.C.<br>1 Constitution Ctr<br>3rd Floor<br>Boston, MA 02129<br>Work Phone (617) 241-3000<br>Added Date: 10/30/2018 | |

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 09/21/2018 | | Attorney appearance<br>On this date Ross E Schreiber, Esq. added for Plaintiff Chimene Mbague Nandjou | |
| 09/21/2018 | | Attorney appearance<br>On this date Ross E Schreiber, Esq. added for Plaintiff Chimene Mbague Nandjou | |
| 09/21/2018 | | Attorney appearance<br>On this date Ross E Schreiber, Esq. added for Plaintiff Chimene Mbague Nandjou | |
| 09/21/2018 | | Case assigned to:<br>DCM Track A - Average was added on 09/21/2018 | |
| 09/21/2018 | 1 | Original civil complaint filed.TRK  $32000000.00 | |
| 09/21/2018 | 2 | Civil action cover sheet filed. | |
| 09/21/2018 | | Demand for jury trial entered. | |
| 09/21/2018 | | Attorney appearance<br>On this date Ross E Schreiber, Esq. added for Plaintiff Chimene Mbague Nandjou | |
| 09/21/2018 | | Attorney appearance<br>On this date Ross E Schreiber, Esq. added for Plaintiff Chimene Mbague Nandjou | |
| 10/11/2018 | 3 | Service Returned for<br>Defendant Marriott International Inc: Service through person in charge / agent; | |
| 10/11/2018 | 4 | Service Returned for<br>Defendant Marriott Worldwide Corporation: Service through person in charge / agent; | |
| 10/30/2018 | | Attorney appearance<br>On this date James M Campbell, Esq. added for Defendant Marriott International Inc | |
| 10/30/2018 | | Attorney appearance<br>On this date Jeffrey E Falvey, Esq. added for Defendant Marriott International Inc | |
| 10/30/2018 | | Attorney appearance<br>On this date James M Campbell, Esq. added for Defendant Marriott Worldwide Corporation | |
| 10/30/2018 | | Attorney appearance<br>On this date Jeffrey E Falvey, Esq. added for Defendant Marriott Worldwide Corporation | |
| 10/30/2018 | | Attorney appearance<br>On this date James M Campbell, Esq. added for Defendant Reluxicorp Inc Doing Business as The Residence Inn by Marriott | |

| 10/30/2018 | | Attorney appearance<br>On this date Jeffrey E Falvey, Esq. added for Defendant Reluxicorp Inc<br>Doing Business as The Residence Inn by Marriott |
|---|---|---|
| 10/30/2018 | 5 | Notice of Removal to the United States District Court filed by<br><br>Defendants Marriott International Inc., Marriott Worldwide Corporation, and Reluxicorp Inc. d/b/a The Residence Inn by Marriott (US Dist # 18-cv-12230)<br><br>Applies To : Marriott International Inc (Defendant); Marriott Worldwide Corporation (Defendant); Reluxicorp Inc Doing Business as The Residence Inn by Marriott (Defendant) |
| 10/30/2018 | | REMOVED to the U.S. District Court<br>of Massachusetts |
| 10/30/2018 | | Case transferred to another court. |

I HEREBY ATTEST AND CERTIFY ON

Oct. 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION



1 CONSTITUTION WHARF
SUITE 310
BOSTON, MA 02129
TEL: (617) 241-3000
FAX: (617) 241-5115

JEFFREY E. FALVEY
(617) 241-3097
jfalvey@campbell-trial-lawyers.com

October 26, 2018

Civil Clerk
Suffolk Superior Court
3 Pemberton Square
Boston, MA 02108

RE:   Chimene Mbague Nandjou, Individually, and as Administratrix of The Estate of Menelik
      Tchouamou and the Estate of William Tchouamou Ganjui, and as Mother and Next
      Friend of Aurellia Llana Saleng & Wilma Tchouamou Mgabue v. Marriott International,
      Inc., et al., C.A. No. 1884CV02965

Dear Sir/Madam:

      Enclosed for filing please find the Notice of Removal submitted by Defendants Marriott
International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. d/b/a the Residence
Inn by Marriott.

      Thank you.

                                                Sincerely,

                                                Jeffrey E. Falvey

cc:    James M. Campbell (w/o enc.)

CONNECTICUT · MAINE · MASSACHUSETTS · NEW HAMPSHIRE · NEW JERSEY · PENNSYLVANIA · RHODE ISLAND

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                SUFFOLK SUPERIOR COURT
                                                            CIVIL ACTION NO. 1884CV02965

CHIMENE MBAGUE NANDJOU, Individually,        )
And as Administratrix of THE ESTATE of       )
MENELIK TCHOUAMOU and THE ESTATE of          )
WILLIAM TCHOUAMOU GANJUI, and as             )
Mother and Next Friend of AURELLIA LLANA     )
SALENG & WILMA TCHOUAMOU MGABUE,             )
            Plaintiffs,                       )
                                              )
vs.                                           )
                                              )
MARRIOTT INTERNATIONAL, INC.,                 )
MARRIOTT WORLDWIDE CORPORATION,               )
and RELUXICORP, INC. d/b/a THE                )
RESIDENCE INN BY MARRIOTT,                    )
            Defendants.                        )
                                              )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, on October 25, 2018, the Defendants, Marriott

International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. d/b/a The Residence Inn

by Marriott (collectively "the Defendants"), served a Notice of Removal pursuant to 28 U.S.C. §

1441 et seq., containing a statement of facts which entitle it to remove the case to the United States

District Court for the District of Massachusetts, together with the documents required by the Clerk

of the United States District Court for the District of Massachusetts.

A true and accurate copy of the Notice of Removal (without attachments) that was filed

with the United States District Court for the District of Massachusetts has been attached hereto as

Exhibit A.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.,
MARRIOTT WORLDWIDE CORPORATION, and
RELUXICORP, INC. d/b/a THE RESIDENCE INN BY
MARRIOTT,

By their attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

James M. Campbell (BBO #541882)
Jeffrey E. Falvey (BBO #698891)
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel. (617) 241-3000
Fax (617) 241-5115
jcampbell@campbell-trial-lawyers.com
jfalvey@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Jeffrey E. Falvey, counsel for the Defendants, hereby certifies that on October 26, 2018, a copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, upon all counsel of record.

Ross E. Schreiber, Esq.
The Schreiber Law Firm LLC
8 Fanueil Hall Marketplace,
Third Floor,
Boston, MA 02109

Jeffrey E. Falvey

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHIMENE MBAGUE NANDJOU, Individually, and as Administratix of THE ESTATE OF MENELIK TCHOUAMOU and THE ESTATE OF WILLIAM TCHOUAMOU GANJUI, and as Mother and Next Friend of AURELLIA LLANA SALENG and WILMA TCHOUAMOU MGABUE, | : : : : : : : : : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : : | |
| MARRIOTT INTERNATIONAL, INC., MARRIOTT WORLDWIDE CORPORATION, and RELUXICORP, INC. d/b/a THE RESIDENCE INN BY MARRIOTT, | : : : : : | |
| Defendants. | : : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this action from the Suffolk County Superior Court, styled and numbered *Chimene Mbague Nandjou, et al., v. Marriott International, Inc., et al.,* Civil Action No. 1884CV02965, to the United States District Court for the District of Massachusetts. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Defendants state as follows:

## THE STATE COURT ACTION

1.      On September 21, 2018, Plaintiff Chimene Mbague Nandjou ("Plaintiff") commenced this action against Defendants by filing a Complaint in the Suffolk County Superior Court (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      On September 26, 2018, Plaintiff served the Complaint on Defendant Marriott International, Inc. through its registered agent.

3.      Neither of the other two defendants has yet been served.

4.      Plaintiff is an individual and is a citizen of Massachusetts (Ex. A, Compl., ¶ 5).

5.      She is pursuing this action in her individual capacity; as Administratix of the estates of Menelik Tchouamou and William Tchouamou Ganjui, both of whom were citizens of Massachusetts before their deaths; and as mother and next friend of Aurellia Llana Saleng and Wilma Tchouamou Mgabue, both of whom are minors and are citizens of Massachusetts. (Ex. A, Compl., ¶¶ 5-6, 27-30, 37.)

6.      The Complaint arises from an accident that allegedly occurred on April 20, 2016 at a hotel in Montreal, Quebec, Canada owned by Reluxicorp, Inc. and that resulted in the deaths of Menelik Tchouamou and William Tchouamou. (Ex. A, Compl., ¶¶ 37–61.)

7.      Plaintiff asserts wrongful-death claims in the nature of premises liability, along with related claims, against all defendants. (Ex. A, Compl., ¶¶ 82-102.)

## DIVERSITY JURISDICTION

8.      Under 28 U.S.C. § 1332(a)(3), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties."

2

9.      This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(3).

10.     A corporation is a citizen of the state (including a foreign state) in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

11.     Marriott International, Inc. is incorporated in Delaware and maintains its principal place of business in Bethesda, Maryland. Therefore, it is a citizen of Delaware and Maryland.

12.     Marriott Worldwide Corporation is incorporated in Delaware and maintains its principal place of business in Bethesda, Maryland. Therefore, it is a citizen of Delaware and Maryland.

13.     Defendant Reluxicorp, Inc. is a corporation organized under the Canada Business Corporations Act and has its principal place of business in Montreal, Quebec, Canada. Therefore, it is a citizen of Canada.

14.     Plaintiff is a citizen of Massachusetts. The decedents whose estates Plaintiff represents were citizens of Massachusetts at the time of their deaths. The minor individuals on whose behalf Plaintiff brings this action as mother and next friend are citizens of Massachusetts. Therefore, Plaintiff is a citizen of Massachusetts for diversity-jurisdiction purposes. See 28 U.S.C. § 1332(c)(2).

15.     Therefore, complete diversity exists.

16.     The amount in controversy requirement of 28 U.S.C. §1332(a)(1) is satisfied because the amount in controversy exceeds $75,000, exclusive of interest and costs. According to the Civil Action Cover Sheet submitted with the Complaint (Ex. A), Plaintiff is seeking damages of $3,200,000.

17.     Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3

## REMOVAL JURISDICTION

18.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

19.     Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* § 1441(b).

20.     Plaintiff filed this action in the Suffolk County Superior Court.  The District of Massachusetts is the judicial district embracing Suffolk County, the place where the State Court Action was brought, and is therefore the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

21.     According to Section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

22.     Defendant Marriott International, Inc. was served with the Complaint on September 26, 2018.  No other defendant has yet been served. Therefore, this removal is timely.

23.     Defendants will file with this Court within 10 days hereof copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Suffolk County Superior Court in this removed action.  *See* 28 U.S.C. § 1446(a).

24.     Further, pursuant to Section 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Suffolk County Superior Court.  *See* 28 U.S.C. § 1446(d).

4

25.     Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. hereby remove the above-described action pending against it in the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

COZEN O'CONNOR

BY:     /s/ Michael A. Savino
        Michael A. Savino, Esquire (#568826)
        45 Broadway, 16th Floor
        New York, NY  10006
        T:  212-908-1233
        MSavino@Cozen.com
        *Attorney for Defendants*
        *Marriott International, Inc., Marriott*
        *Worldwide Corporation, and Reluxicorp,*
        *Inc.*

Dated:  October 25, 2018

### CERTIFICATE OF SERVICE

I, hereby certify that on October 25, 2018, I served a copy of the foregoing Notice of

Removal on the following counsel via Federal Express:

Ross E. Schreiber
The Schreiber Law Firm LLC
8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109
*Counsel for Plaintiff*

/s/ *Michael A. Savino*
Michael A. Savino

LEGAL\38765001\1 00012.0010.000/422780.000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUFFOLK SUPERIOR COURT
CIVIL ACTION NO. ___18-2965 G___

---

CHIMENE MBAGUE NANDJOU, Individually, )
and as Administratrix of THE ESTATE of )
MENELIK TCHOUAMOU and THE ESTATE of )
WILLIAM TCHOUAMOU GANJUI, and as )
Mother and Next Friend of AURELLIA LLANA )
SALENG & WILMA TCHOUAMOU MGABUE, )
       Plaintiffs )
                                                )
vs. )
                                                )
MARRIOTT INTERNATIONAL, INC., )
MARRIOTT WORLDWIDE CORPORATION, )
and RELUXICORP, INC. d/b/a THE )
RESIDENCE INN BY MARRIOTT, )
       Defendants )

**COMPLAINT &
JURY DEMAND**

SUFFOLK SUPERIOR COURT
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
2018 SEP 21  P 2 30

## INTRODUCTION

1. The plaintiff brings claims against the defendants arising from the drowning deaths of her husband and infant son in the pool of The Residence Inn by Marriott located in Montreal, Quebec, Canada.  True copies of the Certificates of Death are attached hereto as Exhibits <u>A</u>, and incorporated herein pursuant to Mass. R. Civ. P. 10(c).

2. As averred below, immediately following the drownings the Régie du Bâtiment (Building Authority) issued a citation to the hotel after finding that, *inter alia*, it had failed to provide any lifeguard or other safety personnel at the pool, in violation of Quebec regulation(s). The decedent husband and infant, and his two other young children (ages 4 and 8), were the only ones in the pool area when the husband became submerged while holding the infant, who could not swim, leading the two to drown in the absence of on-site assistance.

1

3.  The plaintiff and the decedent, William Tchouamou Ganjui, had been induced to book a
    room at the Montreal hotel based upon, *inter alia*, the description and photographic
    depiction(s) of the hotel which they had viewed in Marriott print directories mailed to their
    home in Massachusetts over the preceding months/years, the "Friends and Family" rate
    reduction program that the hotel participated in and which was authorized and made
    available to William Tchouamou Ganjui through the local Boston Marriott Copley Place,
    their viewing, from their home, of the hotel on marriott.com and/or other interactive
    websites authorized by the hotel to take reservations/bookings on its behalf, their belief,
    based upon the hotel's representation(s), that it was a "Marriott" hotel and therefore part of
    a prestigious hotel chain under centralized ownership with high standards of quality and
    safety, and with the resources to ensure compliance with the law(s), as well as their general
    exposure to Marriott hotel solicitations/advertisements sent to their home by direct mail
    and to William's email account, and/or appearing in print magazines mailed to their home,
    and the large physical presence of "Marriott" hotels in Massachusetts which reinforced
    their impression that the Montreal hotel was part of a prestigious hotel chain with the
    resources to provide quality and safety to its guests.

4.  The plaintiff is serving Interrogatories and Requests for Production upon the defendants
    with this complaint, in accordance with Mass. R. Civ. P. 33(a)(1) and 34(b)(1).

2

## PARTIES

5.  The plaintiff, Chimene Mbague Nandjou, is an individual maintaining a residence in
    Westport, Bristol County, Massachusetts, and the duly appointed/qualified Administrator
    of both the Estates of Menelik Tchouamou and William Tchouamou Ganjui, respectively,
    and the personal representative authorized to initiate and maintain wrongful death actions
    in this matter, as reflected in the letters of authority attached hereto as Exhibits B.

6.  The plaintiffs, Aurellia Llana Saleng and Wilma Tchouamou Mgabue, are the surviving
    minor children of Chimene Mbague Nandjou and the decedent, William Tchouamou
    Ganjui, and the surviving siblings of the decedent, Menelik Tchouamou.

7.  At all times material hereto, the defendant, Marriott International, Inc., was a corporation
    organized and existing under the laws of the State of Delaware, registered in Massachusetts
    with the Secretary of the Commonwealth and having a registered agent and a usual place(s)
    of business in Suffolk County, including the "Boston Marriott Copley Place", and various
    other locations within the Commonwealth, that was in the business of promoting,
    marketing, servicing, franchising, inspecting, approving, owning and/or operating a
    multitude of hotels under the Marriott brand name(s) in Massachusetts and worldwide.

8.  At all times material hereto, the defendant, Marriott Worldwide Corporation, was a
    corporation organized and existing under the laws of the State of Delaware and a wholly
    owned subsidiary of its parent company, the defendant Marriott International, Inc., that was
    in the business of promoting, marketing, servicing, franchising, inspecting, approving,
    owning and/or operating a multitude of hotels under the Marriott brand name(s) in
    Massachusetts and worldwide.

9.  At all times material hereto, the defendant, Reluxicorp Inc., d/b/a The Residence Inn by
    Marriott, was a corporation organized and existing under the Canada Business
    Corporations Act, maintaining a principal place of business in Montreal, Quebec, Canada,
    and owning and operating a hotel business on Lincoln Avenue in Montreal under the name
    "The Residence Inn by Marriott", commonly referred to as the "Marriott Residence Inn", or
    simply "The Marriott", which at all times material hereto was promoted and marketed to
    the residents of Massachusetts, with Reluxicorp's express knowledge, authorization and
    consent, as a Marriott hotel by Marriott International, Inc., and/or Marriott Worldwide
    Corporation, and/or their subsidiaries, related companies, affiliates, partners, contractors,
    employees and/or agents (hereinafter known collectively as the "Marriott Companies"),
    and/or by third-party travel agents and/or online travel agencies approved and authorized
    by the Marriott Companies, *via*, *inter alia*, print, direct mail, television, radio, and/or
    internet marketing, and which knowingly participated in special promotions by the Marriott
    Companies that attracted customers from Massachusetts to its hotel, such as the "Friends
    and Families" special rate program.

## PERSONAL JURISDICTION & VENUE

10. This court may maintain personal jurisdiction over the defendant Reluxicorp, Inc., d/b/a
    The Residence Inn by Marriott (hereinafter "Reluxicorp"), in accordance with the Due
    Process clause of the Constitution of the United States of America and the Massachusetts
    Long-Arm Statute, General Laws Chapter 223A, Section 3, based on Reluxicorp's
    purposeful and substantial transaction and solicitation of business within The
    Commonwealth of Massachusetts, and contacts with the plaintiff and the decedent William

4

Tchouamou Ganjui while they were in Massachusetts, by and/or through the acts of the Marriott Companies, as Reluxicorp's authorized agent(s), apparent agent(s), partner(s), related parties and/or joint venturers, and/or through the goodwill established by the Marriott Companies within the Commonwealth, all of which induced the plaintiff and the decedent William Tchouamou Ganjui to reserve and book a room at the hotel in question.

11. This court may maintain personal jurisdiction over the defendants Marriott International, Inc., and Marriott Worldwide Corporation, in accordance with the Due Process clause of the Constitution of the United States of America and the Massachusetts Long-Arm Statute, General Laws Chapter 223A, Section 3, based on their physical presence and maintaining of places of business within the Commonwealth of Massachusetts (including the Boston Marriott Copley Place), their registration with the Secretary of the Commonwealth of Massachusetts and appointment of a registered agent in Suffolk County, their purposeful, systemic and substantial transaction and solicitation of business within The Commonwealth of Massachusetts, and their solicitation(s) of, and/or contacts with, the plaintiff and the decedent William Tchouamou Ganjui while they were in Massachusetts.

12. Venue is proper in this court pursuant to G.L. c. 223 § 1, because Marriott International, Inc., and Marriott Worldwide Corporation, have a registered agent in Suffolk County and maintain a usual place of business at the Boston Marriott Copley Place, and at other locations within the County, and because this forum is convenient to the plaintiff and the witnesses essential to her cause(s) of action, who are all American citizens and/or residents of the Commonwealth, and, *inter alia*, affords the plaintiff a right to trial by jury that would be unavailable elsewhere.

## FACTS COMMON TO ALL COUNTS

13. In the course of the preceding decades the Marriott Companies, as well as their corporate predecessors and related companies, successfully promoted and established the "Marriott" brand as a nationally and internationally recognizable and trusted hotel chain with a reputation for high standards of accommodation, quality, service, and safety.

14. In the course of the preceding decades the Marriott Companies, as well as their corporate predecessors and related companies, pursued extensive marketing activities to promote the "Marriott" hotel brand in Massachusetts, *via, inter alia,* print, direct mailings, television, radio, and internet advertising campaigns, as well as special rate reduction programs, directed at the residents of the Commonwealth.

15. These activities proved very successful, as the "Marriott" hotel brand is now, and was at all times material hereto, generally well known to the residents of the Commonwealth as a hotel chain they associate with high standards of accommodation, quality, service and safety.

16. These marketing activities have also materialized into a large physical presence within the Commonwealth itself, with no less than, per the www.marriott.com website, eighty-nine (89) Marriott branded hotels located within Massachusetts, all of which are owned, operated, inspected, approved and/or franchised by the Marriott Companies.

17. In or about 2003, Reluxicorp, Inc. entered into a written franchise agreement with Marriott International Inc.'s wholly owned subsidiary, Marriott Worldwide Corporation, whereby the Marriott Companies became expressly obligated to Reluxicorp to affirmatively market and promote Reluxicorp's hotel, for a fee(s), *via* print, direct mailings, television, radio,

6

www.marriott.com, and/or other interactive website(s) authorized by the Marriott

Companies, and/or by and/or through other means, to Massachusetts residents within the

Commonwealth, and to the public at large, as "The Residence Inn by Marriott".

18. Pursuant to this agreement, Reluxicorp also obtained the benefit of having its hotel

marketed and promoted by the Marriott Companies to Massachusetts' residents through the

Marriott Companies' centralized reservation system, which allows residents to view,

receive information concerning, book and pay for a room at Reluxicorp's hotel over the

worldwide web by accessing marriott.com and/or other interactive online travel agency

("OTA") websites authorized/approved by the Marriott Companies; a booking made

through an authorized travel agency and/or authorized OTA for a room at Reluxicorp's

hotel is processed through the Marriott Companies' centralized reservation system, and

Reluxicorp thereafter reimburses the Marriott Companies for the commission(s) paid to the

agents/OTAs for the booking(s).

19. Pursuant to this agreement, Reluxicorp further obtained the right to affirmatively represent

itself as a Marriott hotel, and at all times material hereto did so to patrons such as the

decedent William Tchouamou Ganjui, prominently displaying "The Residence Inn by

Marriott" and the "Marriott" name at its physical location in Montreal, e.g., at the entrance

to the hotel, on the side of the hotel building, *via* interior/exterior signage, upon the

uniform(s) of its employees, on hotel stationary, on its parking garage tickets, etc. – in

brief, to the general public, Reluxicorp was "The Residence Inn by Marriott".

20. At the time of the drownings in this case, the perception of Reluxicorp's hotel as a

"Marriott" hotel was so pervasive that even the local Coroner's Office and/or the

authorities investigating the drowning deaths referred to the hotel as the "Marriott Residence Inn", and/or simply the "Marriott", in their respective reports, as did the local media correspondent(s) reporting on the deaths.

21. In accordance with Reluxicorp's purpose and expectations, utilizing the "Marriott" name brought value to Reluxicorp at all times material hereto, as it became the beneficiary of prior decades of extensive print, direct mail, television, radio and internet advertising campaigns by the Marriott Companies, and/or their predecessors, directed at Massachusetts residents, promoting the Marriott brand, as well as then current advertising campaigns and/or promotions directed and/or sponsored by the Marriott Companies within the Commonwealth, including the "Friends and Family" special rate reduction promotion offered to the decedent William Tchouamou Ganjui through the Boston Marriott Copley Place.

22. Testifying in a separate action [Reluxicorp., Inc. v. The Queen, 2011 TCC 336 (Tax Court of Canada 2011)], Reluxicorp's president and director, Javier Planas, explained that Reluxicorp's operating under the Marriott brand had many "advantages", and that operating under the Marriott name brought in "a lot" of revenue.

23. Pursuant to the written franchise agreement, Reluxicorp was obligated to pay the Marriott Companies a 5% royalty on its annual gross room revenues for the right to use the "Residence Inn by Marriott" name, which, again, Mr. Planas testified was not offensive, as "the net result is advantageous to [Reluxicorp] because the Marriott banner brings in a lot [of business]".

24. Pursuant to the written franchise agreement, Reluxicorp was also obligated to make a payment of 2.5% of its annual gross groom revenues to the Marriott Companies for "marketing contributions", funds which Mr. Planas testified "Marriott" would in turn use "solely to advertise 'Residence Inn by Marriott'."

25. Pursuant to the written franchise agreement, Reluxicorp was further obligated to pay to the Marriott Companies additional fixed and mandatory costs related to various services, including, *inter alia*, costs associated with the use of Marriott's centralized reservation system, and the cost of commissions paid by the Marriott Companies to travel agencies and OTAs, approved and authorized by the Marriott Companies, for booking rooms at Reluxicorp's hotel through the centralized system; at all times material hereto, the president of Reluxicorp considered access to the Marriott centralized reservation system an advantage of operating as a Marriott branded hotel and a "benefit" to Reluxicorp.

26. At all times material hereto Reluxicorp was expressly aware that it had authorized the Marriott Companies to advertise and promote its hotel as a "Marriott" to Massachusetts residents *via* print, direct mailing(s), television, radio, www.marriott.com, other interactive websites, and/or by other means, and to accept bookings and reservations at the hotel on Reluxicorp's behalf *via* the Marriott centralized reservation system, and that it was benefiting from these activities and the goodwill surrounding the Marriott name, following decades of brand promotion, as well as from the Marriott hotel-wide "Friends and Family" reduced rate program promoted by the Marriott Companies in Massachusetts, in attracting Massachusetts residents to its hotel.

27. At all times material hereto, the decedent, William Tchouamou Ganjui, and the plaintiff, were Massachusetts residents who were familiar with the Marriott hotel "chain", as they perceived it, who had stayed at Marriott branded hotels, participated in the Marriott "Friends and Family" rate program, and associated the chain with a high level of quality and safety.

28. Moreover, at all times material hereto, the decedent, William Tchouamou Ganjui, and the plaintiff would receive direct mailings at their home in Lynn, Massachusetts, from the Marriott Companies advertising various Marriott hotels, including on at least three occasions printed directories that displayed photographs of, and information concerning, The Residence Inn by Marriott in Montreal that is the subject of the instant lawsuit.

29. At all times material hereto, the plaintiff and the decedent, William Tchouamou Ganjui, would also be exposed to viewing advertisements for Marriott hotels in publications (e.g., Time Magazine) mailed directly to their residence in Lynn, Massachusetts.

30. At all times material hereto, the decedent, William Tchouamou Ganjui, would also receive email solicitations sent to his email account from the Marriott Companies which he viewed at his home in Lynn, Massachusetts.

31. At all times material hereto, the decedent, William Tchouamou Ganjui, and the plaintiff were of the impression, based on their exposure to the foregoing, as well as the physical presence of numerous Marriott branded hotels in Massachusetts, that all Marriott branded hotels were owned and operated in common by "Marriott", and were wholly unaware of any distinction between a Marriott branded hotel owned/operated by the Marriott Companies, and a Marriott branded hotel that was a franchisee of the Marriott Companies.

32. The plaintiff and the decedent, William Tchouamou Ganjui, were similarly of the impression, based upon the forgoing, as well as upon the quality, cleanliness and level of service they had encountered at Marriott hotels in Massachusetts and elsewhere, and the apparent level of financial success the chain had attained in Massachusetts, that the Marriott hotel chain was a prestigious and long-established hotel chain with substantial resources, concerned with and having a reputation for safety, and able to provide and maintain centralized oversight and supervision to ensure that each Marriott hotel location was safe and in compliance with the law(s).

33. In March and/or April of 2016, the decedent, William Tchouamou Ganjui, discussed with the plaintiff his desire to book a room for himself and his children in Montreal at the hotel that is the subject of this lawsuit, based upon his viewing the Marriott print publications mailed directly to his home displaying the hotel and its amenities, and because, *inter alia*, he believed that, based on the direct mailings, solicitations, advertising and goodwill that he was exposed to in Massachusetts over the years, as averred above (supra), that the hotel was a "Marriott" hotel and as such would be a comfortable and safe environment for his children, and because of the attraction of the "Friends and Family" reduced rate program made available to him through the Boston Marriott Copley Place for use at the hotel.

34. Likewise, the plaintiff approved of the trip because she understood that the Marriott hotel her family would be staying at was the Marriott hotel that she had seen displayed in the Marriott printed directories that she and her husband had received and viewed at their home, and because she believed that, based upon the direct mailings, solicitations, advertising and goodwill that she was exposed to over the years, as averred above (supra), that the Marriott hotel in Montreal would be in compliance with the laws and be a safe,

quality environment for her family, and/or that her husband and children would not be exposed to safety risks at the hotel.

35. In or about March or April of 2016, the decedent, William Tchouamou Ganjui, in accordance with the "Friends and Family" hotel-wide rate discount program promoted by the Marriott Companies in Massachusetts, and for the specific pupose of presenting the same at the hotel in Montreal, obtained an executed "Friends and Family" room rate discount authorization form (prominently displaying the "Marriott" logo) in his name from the "Boston Marriott Copley Place" in Boston, Massachusetts, a hotel owned and/or operated  by the Marriott Companies (see Exhibit C attached).

36. At or about the same time, the decedent, William Tchouamou Ganjui, while in Massachusetts, obtained rate and amenity information about the Montreal "Marriott" hotel from www.marriott.com, and/or another OTA interactive website authorized and/or approved by the Marriott Companies to depict and promote Reluxicorp's hotel, and, by way of the interactive website(s), and/or by phone, and/or by or through the assistance and/or direction of employees/agents of the Boston Marriott Copley Place, reserved a room at the hotel through the Marriott centralized reservation system, and received confirmation of the booking of the same.

37. On or about April 20, 2016, the decedent, William Tchouamou Ganjui, along with his two young children, Aurellia and Wilma, and his infant son, the decedent Menelik Tchouamou, left Massachusetts and travelled to Montreal, Quebec, Canada, to stay at The Residence Inn by Marriott that is the subject of this lawsuit.

12

38. Upon his arrival at the hotel, William parked his car at the hotel garage, receiving a ticket with the "Marriott" name prominently displayed on the top, and checked in at the front desk of the hotel (which by its signage, representations, etc., identified itself as a "Marriott"), displaying the "Friends and Family" rate reduction form, which the hotel accepted.

39. William was then provided with room key(s) and went to his room.

40. At some point thereafter, on April 20, 2016, William went to the hotel pool located on or about the 21st floor of the hotel, with Menelik, Aurellia and Wilma, to swim.

41. At all times material hereto, the defendant, Reluxicorp, by and through its principals, agents and employees, had possession and/or control over the premises of the pool.

42. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide a person responsible for safety at the pool who was at least 16 years of age, and who held an aquatic emergency care certificate issued by the Royal Lifesaving Society of Canada, dated not more than two years previously, as required by Section 26.1 of the Regulations respecting safety in public baths in Quebec, then in force.

43. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide a person responsible for safety at the pool who was at least 16 years of age, and who held a Bronze Cross Certificate issued by the Royal Lifesaving Society of Canada, dated not more than two years previously, as required by Section 27.1 of the Regulations respecting safety in public baths in Quebec, then in force.

44. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide any person whomsoever who was charged with being responsible for safety at the pool located on its premises and under its control, and negligently failed to provide any supervision of the pool whatsoever.

45. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide any cameras or other monitoring devices in the area of the pool located on its premises that would allow an agent or employee of Reluxicorp to surveil or view the pool from a remote location.

46. At all times material hereto, the defendant, Reluxicorp, negligently failed to require its employees and/or agents to perform timely and adequate inspections of the pool area.

47. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide adequate life vests and/or flotation devices in and or about the area of the pool on its premises.

48. At all times material hereto, the defendant, Reluxicorp, negligently failed to provide an accessible alarm in the area of the pool that could be utilized to alert the hotel staff and/or safety personnel of an emergency in the pool area in a timely manner.

49. After arriving at the pool, William entered the pool holding Menelik, while the other children played together.

50. At all times material hereto, there was no one else in the pool or in the pool area.

51. At or about 6:00 p.m., William slid into the deep end of the pool holding Menelik.

14

52. Aurellia, who was just four (4) years old at the time, and Wilma, who was eight (8), tossed a life buoy to William and he hung Menelik's arm around it before he went under and sank to the bottom of the deep end.

53. Menelik was unable to grasp the life buoy and/or stay above water.

54. The two other children were eventually able to remove Menelik, who was by then unconscious, from the pool.

55. Because Reluxicorp failed to provide a safety supervisor at the pool, as required by Quebec regulation(s), and/or any individual or hotel staff member at the pool for that matter, there was no one immediately available to seek help or render assistance/aid to William, Menelik, and/or to the two young children who were attempting to assist their father and brother.

56. Because Reluxicorp failed to provide monitoring equipment or an accessible alarm in the pool area, there was no way for the hotel staff to be alerted to the ongoing emergency in the pool area in a timely fashion in order to render assistance or seek aid.

57. Because Reluxicorp failed to make available and/or provide suitable flotation devices and/or life vest to its patrons, William, Aurellia and Wilma were unable to provide effective assistance to their son, father and/or brother.

58. At some point after William had sunk to the deep end of the pool and Menelik had been removed from the pool, a hotel patron, and witness known to the plaintiff, observed the unconscious toddler and attempted to gain entry to the pool area, but the door was locked and inaccessible without an access card key.

15

59. After obtaining a card key, this patron, along with other hotel patrons, was able to gain access to the pool area, and others called 911.

60. The first emergency personnel arrived only after a significant period of time had passed, and unsuccessfully attempted resuscitation on Menelik and William.

61. William and Menelik were each transported to hospitals, where William was pronounced dead at or shortly after arrival, and Menelik pronounced brain dead two days later, after suffering substantial and irreversible neurological damage.

62. When the hotel contacted the plaintiff by phone to advise her of what had happened, the person on the phone identified themselves as calling from "Marriott."

63. Shortly after the deaths of William and Menelik, Reluxicorp, and/or the Marriott Companies, caused the pool area at Reluxicorp's hotel to be staffed with a full-time lifeguard and to be monitored by a surveillance camera(s), demonstrating, *inter alia*, the feasibility of the same at the time of the deaths of William and Menelik.

64. Had Reluxicorp provided a lifeguard and/or other safety personnel at the pool at the time of the deaths described herein, and/or otherwise monitored the pool, it is more likely than not that Menelik and William could have been saved with timely assistance.

65. Had Reluxicorp provided an accessible alarm and/or suitable flotation devices at the time of the deaths described herein, Aurellia and Wilma could have signaled for immediate help and/or otherwise assisted their family members.

66. Had Reluxicorp not caused the doors accessing the pools to be locked, assistance could have been provided sooner.

67. Reluxicorp's negligent departures from accepted and necessary standards of care, as described above, were a substantial cause(s) of both Menelik's and William's deaths.

68. At all times material hereto, and prior to entering into the franchise agreement with Reluxicorp., the Marriott Companies were aware that Reluxicorp maintained a swimming pool at the hotel in Montreal.

69. At all times material hereto, and pursuant to the franchise agreement between Reluxicorp and the Marriott Companies, the Marriott Companies required Reluxicorp to comply with all federal, state, and local laws, rules and regulations.

70. The franchise agreement further required Reluxicorp's "strict compliance" with standards and specifications developed and enforced by the Marriott Companies, and which they reserved the right to amend at any time.

71. These standards and specifications included, *inter alia*, construction and design criteria concerning the hotel building itself, and its pool (which was considered part of the "Franchised premises"), including safety specifications, as well as the approval by the Marriott Companies of the content, format and placement of any signs displayed in any public area of the hotel.

72. These standards and specifications further required Reluxicorp to "employ qualified personnel sufficient to staff all positions at the Hotel", and to have its general managerial staff undergo specific training provided by the Marriott Companies.

73. The franchise agreement also provided that the Marriott Companies, by and through their agents and employees, were entitled to perform periodic inspections of Reluxicorp's hotel to ensure Reluxicorp's compliance with the before-mentioned standards/requirements.

74. The franchise agreement also provided that the Marriott Companies were to perform an inspection of Reluxicorp's hotel, including the pool, prior to entering into said agreement.

75. The franchise agreement further allowed the Marriott Companies to revoke Reluxicorp's franchise if the Marriott Companies determined that there was a danger to public safety resulting from the operation of the hotel.

76. In addition, the Marriott Companies retained the right under the franchise agreement to withhold approval of Reluxicorp as a franchisee, and/or any management company proposed by Reluxicorp to operate the hotel, if, in their sole discretion, the Marriott Companies determined that either was unqualified to manage or operate the hotel.

77. At all times material hereto, the Marriott Companies were aware, or should have been aware, *via*, e.g., prior inspection(s) and or approval(s), interaction(s) with the hotel management during training(s), the lack of any lifeguard or pool safety personnel at the hotel being identified, and/or prior review and/or acceptance of the "no lifeguard" sign displayed in the public area of the pool, that Reluxicorp had failed to provide personnel to supervise safety in the pool area as required by Quebec law and regulation(s), and/or safety standards promulgated and/or adopted by the Marriott Companies, and/or other applicable safety standards.

78. At all times material hereto, the Marriott Companies were similarly aware, or should have been aware, *via*, e.g., prior inspection(s) and or approval(s), interaction(s) with the hotel

management during training(s), etc., that Reluxicorp had failed to provide cameras and/or other monitoring devices in the pool area to allow remote surveillance thereof, and/or had failed to provide accessible alarms and/or suitable flotation devices or life jackets in the pool area.

79. Notwithstanding any of the foregoing, at no time did the Marriott Companies suspend or revoke Reluxicorp's franchise upon safety or other grounds, or exercise its control over Reluxicorp or the hotel premises at issue so as to ensure that Reluxicorp provided a supervisor for the pool area, in accordance with the applicable regulations and Marriott standards and/or other safety standards, and/or installed electronic monitoring at the pool to allow remote surveillance, and/or installed accessible alarms and/or provided adequate flotation devices or life jackets in the pool area.

80. Notwithstanding any of the foregoing, at no time did the Marriott Companies revise its "standards and specifications" so as to require Reluxicorp to provide a supervisor for the pool area, in accordance with the applicable regulations and/or Marriott standards, and/or to install electronic monitoring at the pool to allow remote surveillance, and/or install accessible alarms and/or provide adequate flotation devices or life jackets in the pool area, and/or exercise its discretion to educate the management at the hotel of the importance of supervision for pool safety.

81. As a foreseeable result of the Marriott Companies failure to do any of the foregoing, life-saving assistance to the decedents was materially delayed and the decedents were caused to drown and die.

## COUNT I – WRONGFUL DEATH(S) vs.
## RELUXICORP, INC., d/b/a "THE RESIDENCE INN BY MARRIOTT"

82. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

83. This count is for wrongful death brought by the Administrator to recover damages for the benefit of the decedents' next of kin, in accordance with the common law and Massachusetts General Laws Chapter 229 Section 2 ("G.L. c. 229, § 2").

84. By its negligent, reckless and/or willful conduct, the defendant, Reluxicorp, Inc., d/b/a "The Residence Inn by Marriott", by and through its employees, agents, contractors and/or officers, proximately and substantially caused and/or contributed to the deaths of both William Tchouamou Ganjui and Menelik Tchouamou.

85. As a result, the plaintiff in this action and the surviving children, Aurellia and Wilma, have suffered, and continue to suffer, the loss of the decedents' companionship, comfort, support, services, protection, care, assistance, guidance and reasonably expected net income.

## COUNT II – WRONGFUL DEATH(S) vs.
## MARRIOTT INTERNATIONAL AND MARRIOTT WORLDWIDE

86. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

87. This count is for wrongful death brought by the Administrator to recover damages for the benefit of the decedents' next of kin, in accordance with the common law and G.L. c. 229, § 2.

88. By their negligent, reckless and/or willful conduct, the Marriott Companies, by and through their employees/agents, in failing to exercise their inspection, approval, enforcement, and/or other rights pursuant to the franchise agreement, and/or their control over Reluxicorp, to remedy, and/or cause Reluxicorp to remedy, dangerous conditions at the hotel and/or pool that were known, or should have been known, to the Marriott Companies, including violations of the law(s), proximately and substantially caused and/or contributed to the deaths of both William Tchouamou Ganjui and Menelik Tchouamou.

89. As a result, the plaintiff in this action and the surviving children, Aurellia and Wilma, have suffered, and continue to suffer, the loss of the decedents' companionship, comfort, support, services, protection, care, assistance, guidance and reasonably expected net income.

### COUNT III – VICARIOUS LIABILITY vs.
### MARRIOTT INTERNATIONAL/MARRIOTT WORLDWIDE

90. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

91. At all times material hereto, the Marriott Companies, pursuant to the franchise agreement with Reluxicorp., affirmatively made Reluxicorp a beneficiary of the decades-long efforts of the Marriott Companies, and their corporate predecessors and/or related companies, in

21

promoting the Marriott hotel brand in Massachusetts and worldwide, and creating a favorable expectation within the minds of the general public that hotels with the Marriott brand had high levels of quality and safety; in return, the Marriott Companies received substantial compensation in the form of franchise fees, royalty fees, advertising fees and/or other monies.

92. At all times material hereto, the Marriott Companies, pursuant to the franchise agreement with Reluxicorp., and in accordance with their practices/procedures, purposefully and/or negligently represented the hotel owned/operated by Reluxicorp to be a "Marriott" hotel, and affirmatively presented, promoted, marketed and advertised the hotel as such to Massachusetts' residents and to the world on various traditional mediums and on the internet, and accepted room reservations and payments on Reluxicorp's behalf as "Marriott."

93. At all times material hereto, and based upon, *inter alia*, the direct mailings, solicitations and advertisements received by the plaintiff and the decedent William Tchouamou Ganjui from the Marriott Companies, including those representing and depicting Reluxicorp's hotel as a "Marriott" hotel, Reluxicorp's presentation of the "Marriott" name inside and outside of its hotel, and upon its signage, stationary and employee uniforms, etc., as authorized by the Marriott Companies, the "Marriott" name appearing on the "Friends and Family" discount rate form obtained from the Boston Marriott Copley Place, as well as upon the parking ticket obtained at the hotel, the hotel identifying itself to the plaintiff over the phone as "Marriott", and/or other representations, the plaintiff and the decedent, William Tchouamou Ganjui, reasonably believed that the "The Residence Inn by Marriott" hotel in Montreal was a Marriott hotel owned and operated by the Marriott Companies.

94. At all times material hereto, the plaintiff and the decedent, William Tchouamou Ganjui, decided to book the room at the "The Residence Inn by Marriott" in Montreal in reliance upon their belief that the hotel was a Marriott hotel owned/operated by the Marriott Companies, and upon their faith in the reputation and perception of "Marriott" as a hotel chain concerned with safety and with the financial resources to ensure compliance with the law(s).

95. At all times material hereto, and in light of the foregoing, a reasonable member of the general public booking a room at "The Residence Inn by Marriott" in Montreal, and/or presenting at the hotel, would believe it to be a "Marriott" hotel, and would not recognize that the hotel was not owned and/or operated by the Marriott Companies, but instead by some other, unfamiliar independent, semi-independent and/or quasi-related entity.

96. In light of the foregoing, the Marriott Companies are vicariously liable for the negligent acts of Reluxicorp on the basis of direct, apparent and/or ostensible agency, and/or agency by estoppel.

## COUNT IV – PUNITIVE DAMAGES

97. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

98. All of the aforementioned acts/omissions of the defendants, and/or their employees, agents, contractors and/or officers, constituted gross negligence and/or willful, wanton and/or

reckless behavior within the meaning of the Wrongful Death Statute, G.L. c. 229 § 2, so as to merit an award of punitive damages against the defendants.

## COUNT V – CONSCIOUS PAIN & SUFFERING vs. ALL DEFENDANTS

99. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

100. As a direct and proximate result of the negligence, gross negligence, willful, wanton and/or reckless behavior of the defendants described herein, the infant Menelik Tchouamou was caused to suffer severe brain injuries and conscious pain and suffering for a number of days prior to his passing.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS vs. ALL DEFENDANTS

101. The plaintiff repeats the allegations contained in the previous paragraphs and, by this reference, incorporates the same herein.

102. As a direct and proximate result of the negligence, gross negligence, willful, wanton and/or reckless behavior of the defendants described herein, Aurellia Lliana Saleng and Wilma Tchouamou Mgabue, having witnessed the drowning deaths of their father and infant brother, have suffered severe emotional injuries manifesting in objective physical symptomology.

## REQUESTS FOR RELIEF

WHEREFORE, the plaintiff requests that this Court:

1. Enter judgment for the plaintiff on all counts of her Complaint;

2. Award the plaintiff damages, as determined at trial, plus interest and costs as provided by law;

3. Award the plaintiff damages, for the benefit of the decedent's beneficiaries, pursuant to General Laws Chapter 229 § 2, including punitive damages;

4. Award the plaintiff attorneys' fees, costs and expenses; and

5. Grant the plaintiff such other relief as the Court deems just.

## JURY DEMAND

The plaintiff demands a jury trial on all issues so triable.

The plaintiff,
By her attorney,

Dated: September 21, 2018

ROSS E. SCHREIBER
BBO#: 639643
THE SCHREIBER LAW FIRM LLC
8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109
(617) 742-1981
res@schreiberlawboston.com

I HEREBY ATTEST AND CERTIFY ON
Oct. 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

25

# Québec



## Copy of an Act of Death

Document Nº
D160292367–01

**Identification of the deceased**

| Surname | Given name(s) | Sex |
|---|---|---|
| Tchouamou | Menelik | Male |

Home address
**37, Gertude Lynn Massachusetts États–Unis**

| Date of birth | Y | M | D | Place of birth | | |
|---|---|---|---|---|---|---|
| | 2013 | 11 | 30 | Salem, Massachusetts, United States | | |

Place of registration of birth

Marital status
**Single**

| Place of last marriage | | | | | | Y | M | D |
|---|---|---|---|---|---|---|---|---|

Date of marriage

Spouse's full name

Sex

Father's full name
**Tchouhamou, William**

Mother's full name
**Mbaguenandjou, Chimene**

**Place, date and time of death**

Place of death
**Montréal**

| Date and time of death | Y | M | D | H | M |
|---|---|---|---|---|---|
| | 2016 | 04 | 22 | 17 | 15 |

**Disposal of the body**

Method of disposal of body
**Burial**

| Date of disposal of body | Y | M | D |
|---|---|---|---|
| | 2016 | 05 | 14 |

Place of disposal of body
**Douala Cameroun**
**Douala**

**Identification and attestation of declarant**

| Surname and given name(s) | Quality |
|---|---|
| Vézina, François | F. Home |

Address of domicile
**7388, boul Viau Saint–Léonard Québec Canada H1S 2N9**

Declarant's signature
**François Vézina (S)**

| Date of signature | Y | M | D |
|---|---|---|---|
| | 2016 | 04 | 25 |

**Identification and attestation of witness**

Surname and given name(s)

Signature of witness

| Date of signature | Y | M | D |
|---|---|---|---|

**Directeur de l'état civil**

Registration number
**3201604200287**

**Certified**

Original signed by the officer of civil status

Directeur de l'état civil

| Date of signature | Y | M | D |
|---|---|---|---|
| | 2016 | 04 | 25 |

Reno Bernier

| Date of issue | Y | M | D |
|---|---|---|---|
| | 2016 | 04 | 25 |

This copy of an act is not valid if modified or laminated. To ensure that this document is authentic, please check the security features on the back.
An English version is provided on our Web site: www.etatcivil.gouv.qc.ca

# Québec

# Copy of an Act of Death

Document N° D160292359-01

## Identification of the deceased

| | |
|---|---|
| Surname | **Tchouamon Ganjui** |
| Given name(s) | **William** |
| Sex | **Male** |

Home address
**37, Gertrude St Lynn Lynn Massachusetts États–Unis 01902**

Date of birth **Y 1979 M 10 D 29** Place of birth **Cameroon**

Place of registration of birth

Marital status **Married**

Place of last marriage **Italy**    Date of marriage **Y 2007 M 01 D 29**

Spouse's full name **Mbague Nandjou, Chimene**    Sex **Female**

Father's full name **Ganjui, Jean De Dieu**

Mother's full name **Saleng, Elisabeth**

## Place, date and time of death

Place of death **Montréal**

Date and time of death **Y 2016 M 04 D 20 H M**

## Disposal of the body

Method of disposal of body **Burial**

Date of disposal of body **Y 2016 M 05 D 14**

Place of disposal of body **Batang Cameroun**

## Identification and signature of declarant

Surname and given name(s) **Vézina, François**    Quality **F. Home**

Address of domicile
**7388, boul. Viau Saint–Léonard Québec Canada H1S 2N9**

Declarant's signature **François Vézina (S)**

Date of signature **Y 2016 M 04 D 25**

## Identification and attestation of witness

Surname and given name(s) **Non–applicable**

Signature of witness

Date of signature **Y M D**

## Directeur de l'état civil

Registration number **3201604200286**    **Certified**

Original signed by the officer of civil status

Directeur de l'état civil

*Reno Bernier*

Date of signature **Y 2016 M 04 D 25**    Reno Bernier    Date of issue **Y 2016 M 04 D 25**

This copy of an act is not valid if modified or laminated. To ensure that this document is authentic, please check the security features on the back.
An English version is provided on our Web site: **www.etatcivil.gouv.qc.ca**

| LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE | Docket No. ES16P2425EA | Commonwealth of Massachusetts The Trial Court Probate and Family Court |
|---|---|---|

| Estate of: <br><br> Menelik Tchouamou <br><br><br> Date of Death: 04/22/2016 | Essex Probate and Family Court <br> 45 Congress Street <br> Salem, MA 01970 <br><br> (978)744-1020 |
|---|---|

To:

**Chimene Mbague Nandjou**

**37 Gertrude Street**

**Lynn, MA 01902**

You have been appointed and qualified as Personal Representative in ☐ Supervised ☒ Unsupervised administration of this estate on _____ August 24, 2016 _____
<br>                                                              (date)

These letters are proof of your authority to act pursuant to G. L. c. 190B, except for the following restrictions if any:

☐ Pursuant to G. L. c. 190B, § 3-108(4), the Personal Representative shall have no right to possess estate assets as provided in § 3-709 beyond that necessary to confirm title thereto in the successors to the estate and claims, other than expenses of administration, if any, shall not be paid.

☐ The Personal Representative was appointed before March 31, 2012 as Executor or Administrator of the estate.

↓ ↓   (Do Not Write Below This Line-For Court Use Only)   ↓ ↓

# CERTIFICATION

I certify that it appears by the records of this Court that said appointment remains in full force and effect. IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of said Court.

Date   **August 24, 2016**                                   *Pamela Casey O'Brien*

Pamela A Casey O'Brien, Register of Probate

MPC 751 (4/15/16)

| **LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE** | Docket No. ES16P2426EA | Commonwealth of Massachusetts The Trial Court Probate and Family Court |
|---|---|---|

| **Estate of:** William Tchouamou Ganjui **Also known as:** William Tchouamon Ganjui  **Date of Death:** 04/20/2016 | Essex Probate and Family Court 45 Congress Street Salem, MA 01970 (978)744-1020 |
|---|---|

To:

**Chimene Mbague Nandjou**
**37 Gertrude Street**
**Lynn, MA 01902**

You have been appointed and qualified as Personal Representative in administration of this estate on ☐ Supervised  ☒ Unsupervised

August 17, 2016
(date)

These letters are proof of your authority to act pursuant to G. L. c. 190B, except for the following restrictions if any:

☐ Pursuant to G. L. c. 190B, § 3-108(4), the Personal Representative shall have no right to possess estate assets as provided in § 3-709 beyond that necessary to confirm title thereto in the successors to the estate and claims, other than expenses of administration, if any, shall not be paid.

☐ The Personal Representative was appointed before March 31, 2012 as Executor or Administrator of the estate.

(Do Not Write Below This Line-For Court Use Only)

↓↓         ↓↓

## CERTIFICATION

I certify that it appears from the records of this Court that said appointment remains in full force and effect. IN TESTIMONY WHEREOF I have here to set my hand and affixed the seal of said Court.

Date

August 24, 2016

Pamela Casey O'Brien

Pamela A Casey O'Brien

MPC 751 (4/15/16)

# Room Rate Discount Authorization Form

According to Company policy, presentation of this Authorization Form entitles the below-named individual to receive the Associate Room Rate or Friends and Family Rate on a space available basis at participating Marriott International operated and franchised lodging or Marriott Vacations Worldwide Corporation properties globally. The Associate Room Rate is limited to a maximum of two rooms per night. These discounted rates are for personal travel only.

Accommodations at the discounted rate are requested for:

[ ] Spouse or Domestic Partner of Associate
[ ] Child of Associate
[ ] Parent or Parent-in-Law of Associate or Parent of Domestic Partner
[ ] Brother or Sister of Associate (only for stays at Courtyard, Fairfield Inn, Residence Inn, SpringHill Suites, and TownePlace Suites properties)
[ X ] Friends and Family Rate

WILLIAM TCHOUAMOU GANJUI
(Name of Guest)

**Note:  Associates must use the current year's Associate Discount Card.**

## TERMS AND CONDITIONS OF THE ROOM RATE DISCOUNT PROGRAM BENEFIT

1. Falsification or other misrepresentation of information on this Authorization Form will constitute grounds for immediate termination of the associate's employment.
2. This *original* Authorization Form must be presented and surrendered at the front desk at the time of check-in and may not be used by anyone other than the authorized individual. *A separate form must be completed for each property visited.*
3. Photo identification and this Authorization Form are required at the time of check-in.
4. Credit must be established at the time of check-in.
5. Associates and immediate family members will receive the Associate Room Rate *for personal travel only* (not business). Associates traveling on business who receive the Associate Room Rate for personal travel put their hotel, division, or franchise at risk of losing the associate room rate discount benefit for all their associates.
6. *Use of the Room **Rate Discount** is a privilege.* Your conduct and professionalism (as well as those persons in your party) as a guest is a representation of Marriott and affiliated companies and their associates. Any inappropriate conduct or behavior as a guest in a participating hotel will be dealt with as misconduct in connection with the associate's employment. Any conduct or behavior deemed inappropriate by the management of the hotel where you are a guest could result in the associate receiving disciplinary action, loss of room discount privileges, written warnings, and possible termination of employment.

*By requesting this room discount benefit, I accept and agree to abide by the terms and conditions outlined above.*

Jacques Tchoumi
**(Name of Associate)**

1258015
**(Associate's Employee ID)**

Issued By:

Emmanuel Mett
**(Name of Manager)**

Manny.Mett@marriott.com
**(Manager's Email Address)**

00033 / 78700230H2 / Boston Marriott Copley Place
**(Business Unit/Department/Location)**

617 236 5800 ext 6814
**(Manager's Phone Number)**

Jun 17, 2016
**(Expiration Date)**

Printed By:  1258015

00873323

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>18-2965G | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

PLAINTIFF(S): Chimene Mbague Nanjou, Individually & as executor and next friend

ADDRESS: Westport, Bristol County, Massachusetts

COUNTY
Suffolk

DEFENDANT(S): Marriott International, Inc., Marriott Worldwide Corporation,

Reluxicorp, Ind., d/b/a The Residence Inn by Marriott

ATTORNEY: Ross E. Schreiber

ADDRESS: 8 Faneuil Hall Marketplace, 3rd Floor, Boston, MA 02109

Phone: 617-742-1981; email: res@schreiberlawboston.com

BBO:

ADDRESS:

Marriott International: Registered agent at 155 Federal St., Suite 700, Boston, MA 02110

Marriott Worldwide: Registered agent at 155 Federal St., Suite 700, Boston, MA 02110

Reluxicorp, Inc.: 2170 Lincoln Avenue, Montreal, QC, Canada

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death | A | [X] YES   [ ] NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date: There are hospital expenses but the full monetary amount is unknown at this time.
  1. Total hospital expenses ................ $
  2. Total doctor expenses ................ $
  3. Total chiropractic expenses ................ $
  4. Total physical therapy expenses ................ $
  5. Total other expenses (describe below) ................ $
                          Subtotal (A): $

B. Documented lost wages and compensation to date ................ $ 200,000.00
C. Documented property damages to dated ................ $
D. Reasonably anticipated future medical and hospital expenses ................ $
E. Reasonably anticipated lost wages ................ At least $
F. Other documented items of damages (describe below) ................ $ 3,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The decedents' wife/mother, and two minor children/siblings, have lost the companionship of their infant son/brother, and the
reasonably expected net income, care, etc. of their 36 yr old husband/father, who was earning approximately $95K annually.

TOTAL (A-F):$ 3,200,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s).

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _(signature)_          Date: 9-21-2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _(signature)_          Date: 9-21-2018

I HEREBY ATTEST AND CERTIFY ON
Oct. 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _(signature)_
Asst. Clerk

**3**

## Commonwealth of Massachusetts

SUFFOLK, SS.

Chimene Mbague Nandjou, as Administrator of the
Estates of Menelik Tchouamou & William Tchouamou Ganjui, and
Mother/next friend of Aurellia Llana Saleng & Wilma Tchouamou Mgabue
_____, PLAINTIFF(S),

Marriott International, Inc., Marriott
Worldwide Corp., and Reluxicorp, Inc. d/b/a
The Residence Inn by Marriott
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV02963

SUMMONS
Marriott International, Inc.

THIS SUMMONS IS DIRECTED TO _____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Suffolk Superior _____ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, ____ Superior ____ Court, 3 Pemberton Sq., Boston, MA 02108 _____ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 8 Faneuil Hall Mkt. Pl., 3rd Fl., Boston, MA 02109 _____.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

# Commonwealth of Massachusetts

SUFFOLK, SS.

Chimene Mbague Nandjou, as Administrator of the
Estates of Menelik Tchouamou & William Tchouamou Ganju, and
Mother/next friend of Aurellia Llana Saleng & Wilma Tchouamou Mgabue
_____, PLAINTIFF(S),

Marriott International, Inc., Marriott
Worldwide Corp., and Reluxicorp, Inc. d/b/a
The Residence Inn by Marriott
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV2963

## SUMMONS
### Marriott Worldwide Corp.

THIS SUMMONS IS DIRECTED TO _____. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _____ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

Suffolk Superior

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
    a.  Filing your signed original response with the Clerk's Office for Civil Business, Superior _____ Court, 3 Pemberton Sq.,
        Boston, MA 02108
        _____ (address), by mail or in person, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: 8 Faneuil Hall Mkt. Pl., 3rd Fl., Boston, MA 02109            .

3.  **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

5

SUFFOLK, ss.

SUFFOLK SUPERIOR COURT
CIVIL ACTION NO. 1884CV02965

CHIMENE MBAGUE NANDJOU, Individually,   )
And as Administratrix of THE ESTATE of    )   US Dist # 18-cv-12230
MENELIK TCHOUAMOU and THE ESTATE of  )
WILLIAM TCHOUAMOU GANJUI, and as        )
Mother and Next Friend of AURELLIA LLANA  )
SALENG & WILMA TCHOUAMOU MGABUE,  )
      Plaintiffs,       )
                     )
                     )
vs.                  )
                     )
MARRIOTT INTERNATIONAL, INC.,            )
MARRIOTT WORLDWIDE CORPORATION,      )
and RELUXICORP, INC. d/b/a THE            )
RESIDENCE INN BY MARRIOTT,               )
      Defendants.        )

SUFFOLK SUPERIOR COURT
      FILED

OCT 3 0 2018

MICHAEL JOSEPH DONOVAN

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE THAT, on October 25, 2018, the Defendants, Marriott

International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. d/b/a The Residence Inn

by Marriott (collectively "the Defendants"), served a Notice of Removal pursuant to 28 U.S.C. §

1441 et seq., containing a statement of facts which entitle it to remove the case to the United States

District Court for the District of Massachusetts, together with the documents required by the Clerk

of the United States District Court for the District of Massachusetts.

A true and accurate copy of the Notice of Removal (without attachments) that was filed

with the United States District Court for the District of Massachusetts has been attached hereto as

Exhibit A.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.,
MARRIOTT WORLDWIDE CORPORATION, and
RELUXICORP, INC. d/b/a THE RESIDENCE INN BY
MARRIOTT,

By their attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

James M. Campbell (BBO #541882)
Jeffrey E. Falvey (BBO #698891)
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel. (617) 241-3000
Fax (617) 241-5115
jcampbell@campbell-trial-lawyers.com
jfalvey@campbell-trial-lawyers.com

I HEREBY ATTEST AND CERTIFY ON
Oct. 30, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

## CERTIFICATE OF SERVICE

I, Jeffrey E. Falvey, counsel for the Defendants, hereby certifies that on October 26, 2018, a copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, upon all counsel of record.

Ross E. Schreiber, Esq.
The Schreiber Law Firm LLC
8 Fanueil Hall Marketplace,
Third Floor,
Boston, MA 02109


Jeffrey E. Falvey

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHIMENE MBAGUE NANDJOU, Individually, and as Administratix of THE ESTATE OF MENELIK TCHOUAMOU and THE ESTATE OF WILLIAM TCHOUAMOU GANJUI, and as Mother and Next Friend of AURELLIA LLANA SALENG and WILMA TCHOUAMOU MGABUE, | : : : : : : : : : |
| | : CIVIL ACTION NO. |
| Plaintiff | : |
| v. | : |
| | : |
| MARRIOTT INTERNATIONAL, INC., MARRIOTT WORLDWIDE CORPORATION, and RELUXICORP, INC. d/b/a THE RESIDENCE INN BY MARRIOTT, | : : : : |
| | : |
| Defendants. | : |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this action from the Suffolk County Superior Court, styled and numbered *Chimene Mbague Nandjou, et al., v. Marriott International, Inc., et al.,* Civil Action No. 1884CV02965, to the United States District Court for the District of Massachusetts. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Defendants state as follows:

## THE STATE COURT ACTION

1.     On September 21, 2018, Plaintiff Chimene Mbague Nandjou ("Plaintiff")
commenced this action against Defendants by filing a Complaint in the Suffolk County Superior
Court (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as
Exhibit A.

2.     On September 26, 2018, Plaintiff served the Complaint on Defendant Marriott
International, Inc. through its registered agent.

3.     Neither of the other two defendants has yet been served.

4.     Plaintiff is an individual and is a citizen of Massachusetts (Ex. A, Compl., ¶ 5).

5.     She is pursuing this action in her individual capacity; as Administratix of the
estates of Menelik Tchouamou and William Tchouamou Ganjui, both of whom were citizens of
Massachusetts before their deaths; and as mother and next friend of Aurellia Llana Saleng and
Wilma Tchouamou Mgabue, both of whom are minors and are citizens of Massachusetts. (Ex. A,
Compl., ¶¶ 5-6, 27-30, 37.)

6.     The Complaint arises from an accident that allegedly occurred on April 20, 2016
at a hotel in Montreal, Quebec, Canada owned by Reluxicorp, Inc. and that resulted in the deaths
of Menelik Tchouamou and William Tchouamou. (Ex. A, Compl., ¶¶ 37–61.)

7.     Plaintiff asserts wrongful-death claims in the nature of premises liability, along
with related claims, against all defendants. (Ex. A, Compl., ¶¶ 82-102.)

## DIVERSITY JURISDICTION

8.     Under 28 U.S.C. § 1332(a)(3), "[t]he district courts shall have original jurisdiction
of all civil actions where the matter in controversy exceeds the sum or value of $75,000,
exclusive of interest and costs, and is between … citizens of different States and in which
citizens or subjects of a foreign state are additional parties."

LEGAL\38765001\1 00012.0010.000/422780.000

9.      This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(3).

10.     A corporation is a citizen of the state (including a foreign state) in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

11.     Marriott International, Inc. is incorporated in Delaware and maintains its principal place of business in Bethesda, Maryland. Therefore, it is a citizen of Delaware and Maryland.

12.     Marriott Worldwide Corporation is incorporated in Delaware and maintains its principal place of business in Bethesda, Maryland. Therefore, it is a citizen of Delaware and Maryland.

13.     Defendant Reluxicorp, Inc. is a corporation organized under the Canada Business Corporations Act and has its principal place of business in Montreal, Quebec, Canada. Therefore, it is a citizen of Canada.

14.     Plaintiff is a citizen of Massachusetts. The decedents whose estates Plaintiff represents were citizens of Massachusetts at the time of their deaths. The minor individuals on whose behalf Plaintiff brings this action as mother and next friend are citizens of Massachusetts. Therefore, Plaintiff is a citizen of Massachusetts for diversity-jurisdiction purposes. See 28 U.S.C. § 1332(c)(2).

15.     Therefore, complete diversity exists.

16.     The amount in controversy requirement of 28 U.S.C. §1332(a)(1) is satisfied because the amount in controversy exceeds $75,000, exclusive of interest and costs. According to the Civil Action Cover Sheet submitted with the Complaint (Ex. A), Plaintiff is seeking damages of $3,200,000.

17.     Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

LEGAL\38765001\1 00012.0010.000/422780.000

### REMOVAL JURISDICTION

18.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

19.     Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* § 1441(b).

20.     Plaintiff filed this action in the Suffolk County Superior Court. The District of Massachusetts is the judicial district embracing Suffolk County, the place where the State Court Action was brought, and is therefore the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

21.     According to Section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

22.     Defendant Marriott International, Inc. was served with the Complaint on September 26, 2018. No other defendant has yet been served. Therefore, this removal is timely.

23.     Defendants will file with this Court within 10 days hereof copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Suffolk County Superior Court in this removed action. *See* 28 U.S.C. § 1446(a).

24.     Further, pursuant to Section 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Suffolk County Superior Court. *See* 28 U.S.C. § 1446(d).

LEGAL\38765001\1 00012.0010.000/422780.000

25.     Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. hereby remove the above-described action pending against it in the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

COZEN O'CONNOR

BY:     */s/ Michael A. Savino*
Michael A. Savino, Esquire (#568826)
45 Broadway, 16th Floor
New York, NY  10006
T:  212-908-1233
MSavino@Cozen.com
*Attorney for Defendants*
*Marriott International, Inc., Marriott*
*Worldwide Corporation, and Reluxicorp,*
*Inc.*

Dated:  October 25, 2018

LEGAL\38765001\1 00012.0010.000/422780.000

## CERTIFICATE OF SERVICE

I, hereby certify that on October 25, 2018, I served a copy of the foregoing Notice of

Removal on the following counsel via Federal Express:

Ross E. Schreiber
The Schreiber Law Firm LLC
8 Faneuil Hall Marketplace
Third Floor
Boston, MA 02109
*Counsel for Plaintiff*


*/s/ Michael A. Savino*
Michael A. Savino

LEGAL\38765001\1 00012.0010.000/422780.000

JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Chimene Mbague Nandjou, Indiv. and as Adm. of the Estate of Menelik Tchouamou and Estate of William Tchouamou Ganjui

**(b)** County of Residence of First Listed Plaintiff   Suffolk County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ross Schreiber, Esquire; 8 Feneuil Hall Marketplace, 3rd Floor, Boston, MA 02109 (617-742-1981) res@schreiberlawboston.com

## DEFENDANTS

Marriott International, Inc.

County of Residence of First Listed Defendant   Montgomery Cty, MD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Michael A. Savino, Esquire; Cozen O'Connor; 45 Broadway, 16th Floor, New York, NY 10006 (212-908-1233) MSavino@cozen.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☒ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332, 1441 and 1446

Brief description of cause:
deaths of father and son at hotel

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE   10/25/18

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael A. Savino

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Chimene Mbague Nandjou v. Marriott International, Inc., et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

- [ ] I.   410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

- [x] III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 485, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [x]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Michael A. Savino

ADDRESS  45 Broadway, 16th Floor, New York, NY 10006

TELEPHONE NO.  212-908-1233

(CategoryForm9-2018.wpd )

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUFFOLK SUPERIOR COURT
                                               CIVIL ACTION NO. 1884CV2965

| | |
|---|---|
| CHIMENE MBAGUE NANDJOU, Individually, )<br>and as Administratrix of THE ESTATE of )<br>MENELIK TCHOUAMOU and THE ESTATE of )<br>WILLIAM TCHOUAMOU GANJUI, and as )<br>Mother and Next Friend of AURELLIA LLANA )<br>SALENG & WILMA TCHOUAMOU MGABUE, )<br>　　　　　Plaintiffs　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )<br>vs.　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 )<br>MARRIOTT INTERNATIONAL, INC., )<br>MARRIOTT WORLDWIDE CORPORATION, )<br>and RELUXICORP., INC. d/b/a THE )<br>RESIDENCE INN BY MARRIOTT, )<br>　　　　　Defendants　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　 ) | FIRST REQUEST FOR THE<br>PRODUCTION OF DOCUMENTS &<br>THINGS TO THE DEFENDANT<br>MARRIOTT INTERNATIONAL INC. |

Now comes the plaintiff in this action, pursuant to Mass. R. Civ. P. 34, and respectfully requests that the defendant produce for inspection and copying by the plaintiff each of the documents identified below within forty-five (45) days from the date of service of this request, which accompanies the service of the summons and complaint. This request is continuing in nature and any additional documents that are discovered or located subsequent to either the filing of the defendant's response or the production of documents which would have properly been included had they been known or available at the time the responses were made, are to be supplied by supplemental responses in accordance with Mass. R. Civ. P. 26(e).

### Definitions and General Instructions

1. The documents and things requested in this request are to be reproduced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request in accordance with Mass. R. Civ. P. 34(b).

2. If the defendant contends that any of the discovery requests in this request seek the identification or production of a document or oral communication that it believes is protected from discovery by any privilege or immunity, the defendant shall identify: (a) the date of its creation or transmittal; (b) the name of its author(s); (c) the name of the person(s)

to whom it was addressed or sent; (d) the name of any person(s) to whom it was disclosed, in whole or in part; (e) a brief description of its subject matter; and (f) the nature of the claimed privilege.

3. "Relating to" or "related to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting.

4. "Plaintiff" means and/or refers to Chimene Mbague Nandjou.

5. "Decedent Menelik" means and/or refers to the decedent Menelik Tchouamou.

6. "Decedent William" means and/or refers to the decedent William Tchouamou Ganjui.

7. "Reluxicorp", and "Reluxicorp, Inc." refer to the defendant Reluxicorp, Inc. d/b/a The Residence Inn by Marriott.

8. "You," "yours", "your" and "Marriott" means and/or refers to the defendant(s) Marriott International, Inc., Marriott Worldwide Corporation, and any and all of their employees, agents, franchisees, contractors, d/b/a's, divisions, subdivisions, subsidiaries and parent companies.

## Request For Production of Documents

1. Every written Franchise Agreement and/or other agreement(s) between you and Reluxicorp., Inc. from 2003 to the present, including all addendums and exhibits.

2. Any and all written or electronic correspondence between you and Reluxicorp prior to and leading up to any of the agreements referenced in the preceding document request.

3. All written safety standards that you expected Reluxicorp., Inc. to be following at the Residence Inn by Marriott in Westmount, Montreal, Quebec, Canada on April 20, 2016

4. The design and construction criteria documents for Residence Inn by Marriott hotels in the United States and Canada as existing on April 20, 2016.

5. The "Systems Standards Manual", and/or your compilation of operating rules, procedures and standard operating procedures, system guides, requirements, standards specifications and/or controls for hotels in the "System", as existing on April 20, 2016.

6. Any and all documents, records, accountings, electronic documents and/or printouts recording, memorializing, and/or depicting/displaying the annual royalty payments and/or others fees paid by Reluxicorp, Inc., to you during each of the following years: 2011-2016.

7. Any and all documents, records, accountings, electronic documents and/or printouts recording, memorializing, and/or depicting/displaying the annual "marketing contributions" made by Reluxicorp, Inc., to you during each of the following years: 2011-2016.

8. Any and all photographical, digital and/or video depictions of either of the decedents at the Residence Inn by Marriott in Montreal at any time on April 20, 2016.

9. Any and all documents, records, electronic documents and/or printouts recording, memorializing, and/or depicting/displaying the reservation, booking and/or charge for the room at The Residence Inn by Marriott in Montreal occupied by the decedent William and/or his family.

10. Copies of any and all records, documents and/or reports relating to, depicting and/or memorializing in any way the deaths that are the subject of the plaintiff's complaint.

11. Copies of all letters, memorandum, directives, reports, orders and/or correspondence generated by you, or by others on your behalf, forwarded to Reluxicorp Inc., and concerning in any way the deaths that are the subject of the plaintiff's complaint.

12. Copies of all letters, memorandum, directives, reports, orders and/or correspondence received by you, and/or by others on your behalf, from Reluxicorp Inc., and concerning in any way the deaths that are the subject of the plaintiff's complaint.

Respectfully submitted,
The plaintiff,
By her attorney,

ROSS E. SCHREIBER
BBO#: 639643
8 FANEUIL HALL MARKETPLACE
THIRD FLOOR
Boston, MA 02109
(617) 742-1981
res@schreiberlawboston.com

## CERTIFICATE OF SERVICE

I hereby certify that, on information and belief, copies of this Request for the Production of Documents and Things was served by the Sheriff upon the defendant in this action with the Summons and Complaint, as permitted by the Massachusetts Rules of Civil Procedure, and/or by accepted service by the parties hereto.

Ross E. Schreiber

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUFFOLK SUPERIOR COURT
                                               CIVIL ACTION NO. 1884CV2965

CHIMENE MBAGUE NANDJOU, Individually,  )
and as Administratrix of THE ESTATE of )
MENELIK TCHOUAMOU and THE ESTATE of )
WILLIAM TCHOUAMOU GANJUI, and as       )
Mother and Next Friend of AURELLIA LLANA )
SALENG & WILMA TCHOUAMOU MGABUE, )
          Plaintiffs                   )
                                       )        FIRST SET OF INTERROGATORIES
vs.                                    )        TO THE DEFENDANT
                                       )        MARRIOTT INTERNATIONAL INC.
                                       )
MARRIOTT INTERNATIONAL, INC.,          )
MARRIOTT WORLDWIDE CORPORATION,        )
and RELUXICORP., INC. d/b/a THE        )
RESIDENCE INN BY MARRIOTT,             )
          Defendants                   )
                                       )

## I. INSTRUCTIONS

A.      Rule 33(a) of the Massachusetts Rules of Civil Procedure requires that each of the following interrogatories be answered separately and fully in writing under the penalties of perjury, unless it is objected to, in which event the reasons for the objection must be stated in lieu of the answer. Each answer or objection must be preceded by the interrogatory to which it responds. The answers must be signed by the person making them. Objections made to any interrogatory must be signed by the person or attorney making them. The party upon whom the interrogatories have been served must serve a copy of the answers and objections, if any, within forty-five (45) days after the service of the interrogatories.

B.      In answering these interrogatories, you are required to make full and complete answers. You must include in your answers all information that you know or that is available to you, including any and all information that you can obtain from (1) making inquiry of your principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on your behalf, and any other person in active concert and participation with you or you with them, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated; and (2) making examination of any and all documents or tangible things in your possession, custody or control that in any way refer to or relate to the information sought by these interrogatories.

1

C.    Each interrogatory is to be construed as asking for the source of any information provided in your answers thereto, including the identification of each person from whom you obtained information provided in your answers and a description of any documents or tangible things relied upon by you in making your answers.  Unless otherwise specifically so stated in your answers, your answer will be deemed a statement by you of your own knowledge.

D.    If you sue or are sued in more than one capacity or if your answers would be different if suing or sued in any different capacity, such as an agent, corporate officer, director, partner or the like, then you are required to answer separately in each capacity.

E.    You are required, if you object to any interrogatory on the ground of privilege, work product, trade secret or on any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection, in detail sufficient to apprise the Plaintiff of the nature of the information which you claim is privileged.

F.    YOU ARE SPECIFICALLY REQUESTED PURSUANT TO MASS. R. CIV. P. 26(e)(3) TO SUPPLEMENT SEASONALLY ALL OF YOUR ANSWERS TO THESE INTERROGATORIES TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

## II.  DEFINITIONS

To "identify" or to provide "identification of" a person means to state his or her full name, current or last known address, telephone number, and employment now and at the times material to the occurrences giving rise to the Complaint.

To "identify" or to provide "identification of" a document means to state the type of document (e.g., letter, memorandum, telegram, tape recording, etc.), its date, its author, the person or persons to whom directed, and the identification of the present custodian thereof.

To "describe" means that you are requested to state with specificity each and every fact, ultimate fact, circumstance, incident, act, omission, event and data now known to you, your agents or your attorneys, or as to which you, your agents, or your attorneys now have information, whether or not firsthand, supporting, relating to or otherwise pertaining to the matters inquired of in said interrogatory, together with the nature and substance of all evidence that is or may be relevant with regard to each such fact, regardless of whether such evidence tends to make the existence of such fact more probable or less probable than it would be without such evidence, including, without limitation, identification of any and all persons having knowledge of such facts and identification of any and all documents that support, relate to or otherwise pertain to the matters inquired of in said interrogatory and/or the information supplied by you in response to said interrogatory.

"Plaintiff" means and/or refers to Chimene Mbague Nandjou.

"Decedent Menelik" means and/or refers to the decedent Menelik Tchouamou.

"Decedent William" means and/or refers to the decedent William Tchouamon Ganjui.

2

"Reluxicorp", and "Reluxicorp, Inc." refer to the defendant Reluxicorp, Inc. d/b/a The Residence Inn by Marriott.

"You," "yours", "your" and "Marriott" means and/or refers to the defendant(s) Marriott International, Inc., Marriott Worldwide Corporation, and any and all of their employees, agents, contractors, d/b/a's, divisions, subdivisions, subsidiaries and parent companies.

### III.    INTERROGATORIES

INTERROGATORY 1:    Please identify all persons responding to these interrogatories, and all persons consulted in connection with responding to these interrogatories, and/or all persons providing the information requested, by giving their full names, dates of birth, residential addresses, and occupations and/or professional title(s).

INTERROGATORY 2:    Please identify any and all subsidiaries, d/b/a's and/or trade names that you were conducting any type of business under on the following date: April 20, 2016.

INTERROGATORY 3:    Please describe your relationship to the defendant, Reluxicorp, Inc., during the following period: January 23, 2003 to the present.

INTERROGATORY 4:    Please describe all oral and/or written agreements, franchise agreements, standards and/or provisions that governed your relationship with Reluxicorp., Inc. during the following period:  January 23, 2003 to April 20, 2016.

INTERROGATORY 5:    Please describe any and all contacts and/or contract negotiations between you and Reluxicorp prior to and leading up to any of the agreements, standards and/or provisions described in your answer to the preceding interrogatory, including the name(s) of the individuals involved in the negotiations and/or contacts, the date(s) and place(s) of the contact(s)/negotiation(s), and the substance of the contact(s)/negotiation(s).

INTERROGATORY 6:    Please describe in detail any and all contacts and/or communications you had with the decedent William, through your employees, contractors, affiliates, online travel agents ("OTAs") and/or agents, whether in person, in writing, *via* marriot.com and/or by phone, at any time during the following period:  April 20, 2011 to April 20, 2016.  Please include in your answer the date(s) of the contact(s) and/or communication(s), and the substance thereof.

INTERROGATORY 7:    Please describe in detail, and without exception, all services that Marriott was providing to the defendant Reluxicorp., Inc. in March and April of 2016, and the manner in which Marriott was paid for the provision of these services.

3

INTERROGATORY 8:    Please describe in detail the www.marriott.com website and/or application, as it existed in or about March and April of 2016, including in your answer the following:

a) The location of the internet service provider(s);
b) The location of the server(s);
c) The accessibility of www.marriott.com from within Massachusetts;
d) The number of internet hits from Massachusetts residents for the years 2011-2016;
e) The identity of the entities and/or persons responsible for the operation and maintenance of the website/application, and their relationship to Marriott;
f) The depiction of the hotel(s) owned and/or operated by the defendant Reluxicorp., Inc., on the website/application;
g) The information displayed on www.marriott.com relating to the hotel(s) owned and/or operated by the defendant Reluxicorp., Inc.;
h) The marketing of the hotel(s) owned and/or operated by the defendant Reluxicorp., Inc., on the website/application;
i) The accepting and/or processing of payments on behalf of the defendant Reluxicorp., Inc., on or through the website/application;
j) The accepting and/or processing of hotel room reservations on behalf of the defendant Reluxicorp., Inc.;
k) The number of room reservations made to the hotel(s) owned and/or operated by Reluxicorp., Inc., through the website/application, by Massachusetts residents during the years 2011-2016;
l) The existence of any "location sensitive" gateway to the website/application that would bar Massachusetts' residents from access.

INTERROGATORY 9:    Please describe all advertising and or promotion(s) of any kind performed within Massachusetts by Marriott on behalf of Reluxicorp, Inc., and/or the hotel(s) owned by Reluxicorp, Inc., including but not limited to advertising *via* television, radio, internet, magazines, trade publications, newspapers, catalogs, directories and/or direct mail, during the following years: 2011-2016.

INTERROGATORY 10:    Please disclose the identities of all online travel agencies (OTAs) and/or affiliate partners, and/or others, that were authorized by you to advertise and depict the hotel(s) owned by Reluxicorp., Inc., as "The Residence Inn by Marriott" on their respective websites/platforms during the following period(s) of time: January 1, 2015-May 1, 2016.

INTERROGATORY 11:    Please describe any and all descriptions and/or depictions of the hotel owned and/or operated by Reluxicorp, Inc., presented by and/or made available by Marriott in any of the hotels owned, operated and/or franchised by Marriott within Massachusetts during the following years: 2011-2016.

INTERROGATORY 12:    Please describe the presence of Marriott in Massachusetts by disclosing (1) the number of hotels owned, operated, marketed and/or franchised by Marriott within the Commonwealth during the following years: 2011-2016; (2) the number of persons employed by Marriott within Massachusetts during the following years: 2011-2016; and (3) the dollar volume of revenues received by Marriott originating from sales and/or transactions within the Commonwealth during the following years: 2011-2016.

4

INTERROGATORY 13:   Please disclose everything known to you, and/or your employees, agents and/or contractors, about the reservation(s) made by the decedent William at the hotel owned and/or operated by Reluxicorp, Inc., including the manner and means in which the reservation(s) were made, and how payment was processed, at any time during 2016.

INTERROGATORY 14:   Please disclose everything known to you, and/or your employees, agents and/or contractors, about the "Room Rate Discount Authorization Form" issued by Emmanuel Mett at the Boston Marriott Copley Place to the "guest" William Tchouamon Ganjui, including in your Answer how the decedent William obtained the Form, from whom, the date he obtained the Form, and whether or not the Form was accepted and/or redeemed at Reluxicorp's hotel in Montreal.

INTERROGATORY 15:   Please identify the owner and the operator of the Boston Marriott Copley Place in Boston, Massachusetts, during the following period: January 1, 2003 to the present.

INTERROGATORY 16:   Please describe your use of travel agents and/or online travel agencies ("OTAs") in your promotion and advertising of the "Marriott" brand(s) in 2016, including in your answer how bookings by such travel agencies and/or OTAs were made through the Marriott centralized reservation system during this time, and how commissions were paid to these agencies and/or how you were reimbursed for the payments of said commissions.

INTERROGATORY 17:   Please describe in detail the "Friends and Family" rate reduction program as it existed on April 20, 2016, including in your Answer a description of the conditions thereof, who was responsible for sponsoring and/or administering the program, which hotel(s) participated therein, and how the same was marketed/promoted.

INTERROGATORY 18:   Please identify each person that you intend to call as a witness at trial, and for each witness you intend to call as an *expert*, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

INTERROGATORY 19:   Please disclose the date(s) and nature of any and all audits and/or inspections of the hotel owned and/or operated by Reluxicorp., Inc., performed by you, and/or by others on your behalf, in 2001-2003 and for each of the years 2012-2016.

INTERROGATORY 20:   Please identify each and every document and/or tangible thing that you intend to use as an exhibit at the trial of this action.

INTERROGATORY 21:   Please identify each and every insurance agreement relating to coverage that might satisfy, in whole or in part, any judgment the plaintiff may obtain in this action against you, or that will indemnify or reimburse you for payment to satisfy such judgment, including in your answer the name of the company or carrier providing such insurance coverage, the types and amounts of such coverage, and whether or not you have given the company or carrier notice of the plaintiff's claim(s).

5

Respectfully submitted,
The plaintiff,
By her attorney,

ROSS E. SCHREIBER
BBO#: 639643
8 FANEUIL HALL MARKETPLACE
THIRD FLOOR
Boston, MA 02109
(617) 742-1981
res@schreiberlawboston.com

## CERTIFICATE OF SERVICE

I hereby certify that, on information and belief, a copy of the forgoing interrogatories was served by the Sheriff upon the defendant in this action with the Summons and Complaint, as permitted by the Massachusetts Rules of Civil Procedure, and/or by accepted service by the parties hereto.

Ross E. Schreiber

6