## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CHIMENE MBAGUE NANDJOU, Individually, and
as Administratix of THE ESTATE OF MENELIK
TCHOUAMOU and THE ESTATE OF WILLIAM
TCHOUAMOU GANJUI, and as Mother and Next
Friend of AURELLIA LLANA SALENG and WILMA
TCHOUAMOU MGABUE,

                Plaintiff,

      v.

MARRIOTT INTERNATIONAL, INC.,
MARRIOTT WORLDWIDE CORPORATION, and
RELUXICORP, INC. d/b/a THE RESIDENCE INN
BY MARRIOTT,

                Defendants.

CIVIL ACTION

NO. 1:18-cv-12230

## <u>ORDER</u>

        AND NOW, this _____ day of _____, 201\_\_\_, upon consideration of the
motion by defendants Marriott International, Inc., Marriott Worldwide Corporation, and
Reluxicorp, Inc. to dismiss Plaintiff's Complaint pursuant to the *forum non conveniens* doctrine
and for lack of personal jurisdiction, and any responses thereto, it is hereby ORDERED and
DECREED that the motion is GRANTED on both grounds. Accordingly, this case is dismissed
with prejudice under the for*um non conveniens* doctrine on condition that Defendants consent to
service of process in Quebec, Canada. As an additional and alternative ground for dismissal, this
case is further dismissed with prejudice for lack of personal jurisdictional.


                        _____

                  _____Burroughs, J.

| | |
|---|---|
| CHIMENE MBAGUE NANDJOU, Individually, and as Administratix of THE ESTATE OF MENELIK TCHOUAMOU and THE ESTATE OF WILLIAM TCHOUAMOU GANJUI, and as Mother and Next Friend of AURELLIA LLANA SALENG and WILMA TCHOUAMOU MGABUE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARRIOTT INTERNATIONAL, INC., MARRIOTT WORLDWIDE CORPORATION, and RELUXICORP, INC. d/b/a THE RESIDENCE INN BY MARRIOTT,<br><br>        Defendants. | CIVIL ACTION<br><br>NO. 1:18-cv-12230 |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE FORUM NON CONVENIENS DOCTRINE AND FOR LACK OF PERSONAL JURISDICTION

Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. hereby move under Rule 12(b)(1) to dismiss this case on the ground of *forum non conveniens*. In the alternative, they move under Rule 12(b)(2) to dismiss this case for lack of personal jurisdiction.

In support of this motion, Defendants submit a memorandum of law, which is fully incorporated herein, as well as supporting affidavits.

For the reasons set forth in the memorandum of law, Defendants respectfully request that this court grant their motion and dismiss this case.

CAMPBELL CAMPBELL EDWARDS &
  CONROY, PC

  _/s/ Jeffrey E. Falvey_____
James M. Campbell (BBO#541882)
Jeffrey E. Falvey (BBO#698891)
1 Constitution Wharf, Suite 310
Boston, MA  02129
T:  617-241-3000
F:  617-241-5115
jcampbell@campbell-trial-lawyers.com
jfalvey@campbell-trial-lawyers.com

COZEN O'CONNOR

  _/s/ Michael A. Savino_
Michael A. Savino, Esquire (#568826)
45 Broadway, 16th Floor
New York, NY  10006
T:  212-908-1233
MSavino@Cozen.com

*Attorneys for Defendants,*
*Marriott International, Inc., Marriott*
*Worldwide Corporation and Reluxicorp, Inc.*
*d/b/a The Residence Inn by Marriott*

Dated:  November 30, 2018

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHIMENE MBAGUE NANDJOU, Individually, and as Administratix of THE ESTATE OF MENELIK TCHOUAMOU and THE ESTATE OF WILLIAM TCHOUAMOU GANJUI, and as Mother and Next Friend of AURELLIA LLANA SALENG and WILMA TCHOUAMOU MGABUE, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL, INC., MARRIOTT WORLDWIDE CORPORATION, and RELUXICORP, INC. d/b/a THE RESIDENCE INN BY MARRIOTT, <br><br> Defendants. | : : : : : : : : : : : : : : : : : | CIVIL ACTION <br><br> NO. 1:18-cv-12230 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE FORUM NON CONVENIENS DOCTRINE AND FOR LACK OF PERSONAL JURISDICTION

James M. Campbell (BBO#541882)
Jeffrey E. Falvey (BBO#698891)
CAMPBELL CAMPBELL EDWARDS & CONROY, PC
1 Constitution Wharf, Suite 310
Boston, MA 02129
jcampbell@campbell-trial-lawyers.com
jfalvey@campbell-trial-lawyers.com

Michael A. Savino, Esquire
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY 10006
msavino@cozen.com

<strong>TABLE OF CONTENTS</strong>

<strong>Page</strong>

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 2

STANDARD ................................................................................................................... 5

ARGUMENT .................................................................................................................. 6

I.     Under the *forum non conveniens* doctrine, this case should be tried in Canada because only in Canada can a fair trial be held. ................................................. 6

    A.     The first step of the two-step *form non conveniens* analysis—the availability of an adequate alternative forum—is satisfied. .................................. 8

    B.     The second step of the two-step *forum non conveniens* analysis—the balancing of the public-interest and the private-interest factors-- is satisfied. ............................................................................................................ 10

         1.     The private-interest factors strongly favor a forum in Canada ................ 12

         2.     The public-interest factors strongly favor a forum in Canada .................. 14

II.    In the alternative, this case should be dismissed because this court lacks personal jurisdiction over the defendants. ........................................................................ 16

    A.     There is no specific jurisdiction .......................................................................... 17

    B.     There is no general jurisdiction ........................................................................... 18

CONCLUSION ............................................................................................................. 21

CERTIFICATE OF SERVICE .................................................................................... 22

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc.*,
310 F.Supp.3d 295 (D. Mass. 2018) (Burroughs, J.) ...............................................2

*Auxer v. Alcoa, Inc.*,
406 Fed. App'x 600 (3d Cir. 2011) ...........................................................................12

*Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*,
825 F.3d 28 (1st Cir. 2016) ......................................................................................17

*Blanco v. Banco Indus. de Venezuela, S.A.*,
997 F.2d 974 (2d Cir. 1993) .....................................................................................15

*Brighter Sky Prods., LLC v. Marriott Int'l, Inc.*,
No. 5:17-cv-3254, 2018 WL 2248601 (S.D.W.V. May 16, 2018) ...........................20

*Brookfield Mach., Inc. v. Calbrit Design*,
929 F.Supp. 491 (D. Mass. 1996) ............................................................................12

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016) .....................................................................................19

*Daimler AG v. Bauman*,
571 U.S. 117 (U.S. 2014) ..........................................................................2, 18, 19, 20

*DeGregorio v. Marriott Int'l, Inc.*,
No. 17-3867, 2017 WL 6367894 (E.D. Pa. Dec. 13, 2017) .....................................20

*DeYoung v. Beddome*,
707 F.Supp. 132 (S.D.N.Y. 1989) ...........................................................................14

*Doe v. Ritz Carlton Hotel Co., LLC*,
2015 WL 221106 (E.D.Pa. 2015), *aff'd* 555 Fed. App'x 180 (3d. Cir. 2016) .........14

*Doe v. Ritz Carlton Hotel Company, LLC*,
666 Fed. App'x 180 (3d Cir 2016) ...........................................................................7

*Famular v. Whirlpool Corp.*,
16 CV 944-VB, 2017 WL 2470844 (S.D.N.Y. June 7, 2017) .................................18

*Gallagher v. Amedisys, Inc.*,
17-CV-11390-ADB, 2018 WL 2223673 (D. Mass. May 15, 2018) (Burroughs,
J.)........................................................................................................................16, 17

*Grice v. VIM Holdings Grp., LLC*,
    280 F.Supp.3d 258 (D. Mass. 2017) (Young, J.) ...................................................................6

*Gulf Oil v. Gilbert*,
    330 U.S. 501 (1947) ............................................................................................11, 12, 14

*Howe v. Goldcorp Invest., Ltd.*,
    946 F.2d 944 (1st Cir.1991) ................................................................................10, 12, 13

*In Badia v. Hamanasi Adventure & Dive Resort*,
    16-CV-10252-LTS, 2017 WL 551817 (D. Mass. Feb. 10, 2017) .....................................17, 18

*Interface Partners Int'l Ltd. v. Hananel*,
    575 F.3d 97 (1st Cir. 2009) ........................................................................................5, 7, 10

*Iragorri v. Int'l Elevator, Inc.*,
    203 F.3d 8 (1st Cir. 2000) ...........................................................................7, 8, 10, 12, 15, 16

*Lescano v. Marriott Int'l, Inc.*,
    Case No. 8:17-cv-1497-T-30MAP, 2017 WL 10299576 (M.D. Fla. Aug. 9,
    2017) ...........................................................................................................................20

*LTX Corp. v. Daewoo Corp.*,
    979 F.Supp. 51 (D. Mass. 1997), *aff'd,* 141 F.3d 1149 (1st Cir. 1998)
    (O'Toole, J.) .................................................................................................................16

*Moldflow Corp. v. Simcon, Inc.*,
    296 F.Supp.2d 34 (D. Mass. 2003) (Lindsay, J.) ......................................................................6

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ..........................................................................................18

*In re Montreal Maine & Atl. Ry., Ltd.*,
    574 B.R. 381 (Bankr. D. Me. 2017) ....................................................................................9

*Murphy v. BMP Three Ltd.*,
    07-CV-11492-RGS, 2011 WL 1356712 (D. Mass. Apr. 11, 2011) .....................................8, 15

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
    558 F.3d 1210 (11th Cir. 2009) .........................................................................................18

*Philipps v. Talty*,
    555 F.Supp.2d 265 (D.N.H. 2008) .......................................................................................8

*Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*,
    196 F.3d 284 (1st Cir. 1999) ............................................................................................17

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981)..............................................................................5, 7, 8, 9, 10, 14

*Prime Materials Recovery, Inc. v. Martin Roy Transp.*,
  Civ. Act. No. 3:07-1169AHN, 2008 WL 2095550 (D. Conn. May 16, 2008) ........................9

*PT United Can Co. v. Crown Cork & Seal Co.*,
  138 F.3d 65 (2d Cir. 1998)......................................................................................8

*Saeed v. Omex Sys., Inc.*,
  16-CV-11715-ADB, 2017 WL 4225037 (D. Mass. Sept. 22, 2017)
  (Burroughs, J.) .....................................................................................................20

*Scallop Imaging, LLC v. Blackhawk Imaging, LLC*,
  17-CV-10092-ADB, 2018 WL 1440314 (D. Mass. Mar. 22, 2018)
  (Burroughs, J.) ..................................................................................................2, 19

*Slattery v. Walt Disney World Co.*,
  Civ. Act. No. 03-267-M, 2003 WL 22888860 (D.N.H. Dec. 8, 2003)............11, 12, 14, 15, 16

*Smith v. Chason*,
  Civ. Act. No. 96-10788-PBS, 1997 WL 298254 (D. Mass. Apr. 10, 1997)............................5

*Spear v. Marriott Hotel Serv's, Inc.*,
  No. 15-6447, 2016 WL 194071 (E.D. Pa. Jan. 15, 2016)......................................................20

*Sun Trust Bank v. Sun Int'l Hotels Ltd.*,
  184 F.Supp.2d 1246 (S.D.Fla. 2001) ....................................................................18

*Transunion Corp. v. Pepsico, Inc.*,
  640 F.Supp. 1211 (S.D.N.Y.1986), aff'd, 811 F.2d 127 (2d Cir.1987).................................16

**Statutes**

28 U.S.C. § 1404(a) ..............................................................................................11

Canada Business Corporations Act....................................................................4

**Other Authorities**

Fourteenth Amendment ......................................................................................16

Rule 12(b)(1)........................................................................................................1

Rule 12(b)(2)....................................................................................................1, 6

14D Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3828.3 (4th ed.)............................8

iv

Defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc. move under Rule 12(b)(1) to dismiss this case on the ground of *forum non conveniens*. In the alternative, they move under Rule 12(b)(2) to dismiss this case for lack of personal jurisdiction.

**INTRODUCTION**

This premises-liability action arises from a tragic accident at a Canadian hotel that resulted in the death of a father and his son. Under the *forum non conveniens* doctrine, convenience and judicial efficiency strongly favor litigating this case in Canada because litigating it anywhere else will deny the defendants the ability to present crucial witnesses and other evidence to the finder of fact, and because almost everything else about this case likewise points to Canada. The only aspect of this case that has anything to do with Massachusetts is the state of residence of the plaintiff and decedents. But in cases that arise from an out-of-state accident, the fact that the plaintiff has brought suit in his or her own state will often be outweighed by other factors.

In the alternative, this case should be dismissed because this court lacks personal jurisdiction over the defendants.

Specific jurisdiction is lacking because the claims arise from an accident that occurred at a hotel in Canada. In particular, the plaintiff alleges negligence in the operation and oversight of a hotel swimming pool in Canada. These claims have nothing to do with any alleged conduct by the defendants in Massachusetts.

General jurisdiction is lacking as well. In the post-*Daimler* era, rarely if ever will it be appropriate to exercise general jurisdiction over a corporate defendant in a

place other than the state of its incorporation or the state of its principal place of business. *See Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc.*, 310 F.Supp.3d 295, 303 (D. Mass. 2018) (Burroughs, J.). Here, none of the three defendants are incorporated in Massachusetts or have their principal place of business in Massachusetts. Two of the defendants have no presence whatsoever in the United States. Nor is there anything else about the sole remaining defendant's connection to Massachusetts that would make this the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (U.S. 2014); *Scallop Imaging, LLC v. Blackhawk Imaging, LLC*, 17-CV-10092-ADB, 2018 WL 1440314, at *3–4 (D. Mass. Mar. 22, 2018) (Burroughs, J.) (similar).

## BACKGROUND

***The allegations.*** This action arises from the deaths of William Tchouamou Ganjui and his son Menelik Tchouamou. (Complaint, ECF Doc. 1-3, ¶ 1.) They drowned in the swimming pool of the Residence Inn Montreal Westmount hotel in Montreal, Quebec, Canada in April 2016. (*Id*. at ¶¶ 1, 40, 51–54, 61, 63.)

Plaintiff Chimene Mbague Nandjou brings this action on her own behalf; on behalf of the estate of William Tchouamou Ganjui, who was her husband; on behalf of the estate of Menelik Tchouamou, who was her son; and as mother and next friend of her two surviving children. (*Id*. at ¶¶ 1, 5–6.)

Ms. Nandjou alleges that the deaths were caused by allegedly inadequate safety measures at the Montreal hotel. (*See, e.g., id*. at ¶¶ 2, 42–48, 55–57.) There is

no allegation that any of the defendants did anything in Massachusetts that caused there to be inadequate safety measures at the Montreal hotel.

***The defendants.*** As is set forth in the declaration of Bancroft S. Gordon, who is Corporate Secretary for Marriott International, Inc. ("Marriott International"), Marriott International is a Delaware corporation with its principal place of business in Maryland. (See Declaration of Bancroft S. Gordon ("Gordon Declaration"), Exhibit A hereto, ¶¶ 2–3.)

Marriott Worldwide Corporation ("Marriott Worldwide") is a wholly-owned subsidiary of Marriott International. (*Id*. at ¶ 4.) Marriott Worldwide is a Maryland corporation with its principal place of business in Maryland. (*Id*. at ¶¶ 5–6.)

Marriott International and its subsidiaries or affiliates currently operate, franchise, or license more than 6,700 properties worldwide in 130 countries and territories. (*Id*. at ¶ 7.) Marriott International's business is focused on managing hotels and franchising or licensing hotels owned by third-party owners, so Marriott International owns very few lodging properties. (*Id*.) As of November 26, 2018, Marriott International and its subsidiaries or affiliates owned only fifteen hotels worldwide, none of which is in Massachusetts. (*Id*.)

As of November 26, 2018, there were 118 Marriott-branded properties open in Massachusetts. (*Id*. at ¶ 8.) Neither Marriott International nor any of its subsidiaries or affiliates (including Marriott Worldwide) own any of those 118 properties. (*Id*.)

Of the 118 Marriott-branded properties in Massachusetts, 93 are franchised hotels owned and operated by independent third-parties under franchise

agreements with Marriott International (79) or Marriott International's subsidiaries or affiliates (14), none of which is Marriott Worldwide. (*Id*. at ¶ 9.)

The remaining Marriott-branded properties in Massachusetts (25) are managed hotels. (*Id*. at ¶ 10.) Marriott International does not manage any of those hotels. (*Id*.) Those hotels are managed by Marriott International's subsidiaries or affiliates, none of which is Marriott Worldwide. (*Id*.)

In sum, of the approximately 6,700 Marriott-branded properties in existence worldwide, only 118—or about 1.76 percent—are in Massachusetts. None of those Massachusetts properties has any oversight over the Montreal hotel. (Id. at ¶¶ 11–13.)

As set forth in the declaration of Javier Planas, who is President of Reluxicorp, Inc. ("Reluxicorp"), the Montreal hotel is a franchised hotel owned by Reluxicorp. (Declaration of Javier Planas, attached hereto as Exhibit B, ¶ 2.)

Reluxicorp is a corporation organized under the Canada Business Corporations Act and has its principal place of business in Montreal, Quebec, Canada. (*Id*. at ¶ 2.) It does not conduct business in the United States, is not registered to conduct business in the United States, and owns no properties or businesses in the United States. (*Id*. at ¶ 4.) It is not a subsidiary or affiliate of Marriott International or Marriott Worldwide, nor do Marriott International and Reluxicorp share any directors, officers, or employees. (Gordon Declaration ¶ 11.) Reluxicorp has a license to use the Residence Inn by Marriott marks pursuant to a franchise agreement with Global Hospital Licensing S.à r.l., a Luxembourg entity and a subsidiary of Marriott International. (*Id*.)

Neither Marriott International nor any of its subsidiaries or affiliates (including Marriott Worldwide) owns, operates, manages, or controls the day-to-day operations of the Hotel or any of the Hotel's employees. (Id. at ¶ 12.)

Neither Marriott International nor any of its subsidiaries or affiliates (including Marriott Worldwide) hire, employ, compensate, or otherwise direct or control the actions of any of the Hotel's employees. (*Id.* at ¶ 13.)

## STANDARD

***Forum non conveniens.*** The "*forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only where there has been a clear abuse of discretion: where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). *See also Interface Partners Int'l Ltd. v. Hananel*, 575 F.3d 97, 101 (1st Cir. 2009).

"The defendant bears the burden of proving all of the elements in a *forum non conveniens* analysis." *Smith v. Chason*, Civ. Act. No. 96-10788-PBS, 1997 WL 298254, at *2 (D. Mass. Apr. 10, 1997) (citing *Nowak v. Tak How Investments, Limited,* 94 F.3d 708, 719 (1st Cir.1996)). In order to meet that burden, the defendant "must provide enough information to enable the District Court to balance the parties' interests." *Piper,* 454 U.S. at 258. The defendant can provide that information through "supporting affidavits or other evidence." *Smith,* 1997 WL 298254 at *2; *see also Piper*, 454 U.S. at 259 (*forum non conveniens* motion was properly decided based on defendants' "affidavits describing the evidentiary problems they would face if the trial were held in the United States").

***Personal Jurisdiction.*** "In ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing under the Federal Rules of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving to the Court that such jurisdiction exists, and the district court must apply the prima facie standard of review.*" Grice v. VIM Holdings Grp., LLC*, 280 F.Supp.3d 258, 269 (D. Mass. 2017) (internal citations omitted) (Young, J.).

"Specifically, the plaintiff must go beyond the pleadings and make affirmative proof. Conclusory allegations or farfetched inferences in the pleading will not be sufficient to make a prima facie showing of personal jurisdiction. In addition, the Court must take all alleged facts as true and construe them in the light most favorable to the plaintiff." *Id.* (internal citations and quotation marks omitted).

That is the "the most commonly used method of determining a motion to dismiss for want of personal jurisdiction…." *Moldflow Corp. v. Simcon, Inc.*, 296 F.Supp.2d 34, 38 (D. Mass. 2003) (Lindsay, J.). But should this court decide to hold an evidentiary hearing in accordance with the "preponderance of the evidence" method of evaluating the existence of personal jurisdiction, there would be "a much higher evidentiary burden on the plaintiff." *Id.* Indeed, there would be "a full-blown evidentiary hearing at which the court will adjudicate the jurisdictional issue definitively before the case reaches trial." *Id.*

## ARGUMENT

**I.**     **Under the *forum non conveniens* doctrine, this case should be tried in Canada because only in Canada can a fair trial be held.**

"[C]ertainly a plaintiff enjoys some degree of deference for his original choice of forum." *Interface Partners Int'l Ltd. v. Hananel*, 575 F.3d 97, 101 (1st Cir. 2009) (internal quotation marks omitted).

When the plaintiff's chosen forum is his or her home forum, the case law is unclear on whether the plaintiff's choice is entitled to "heightened deference." *See id.* at 101 ("[W]e note some tension in our case law regarding whether a district court, before conducting the aforementioned two-part forum non conveniens analysis, should accord a plaintiff's choice of a *home* forum 'heightened deference.'"); *see also Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 15 (1st Cir. 2000).

"What is clear"—and what is most important—"is that even if a heightened deference standard were to apply to a plaintiff's choice of a home forum, there is no automatic right to the presumption" that the choice is proper. *Interface Partners,* 575 F.3d at 102. "As the Supreme Court has instructed, '[a] citizen's forum choice should not be given dispositive weight' and 'dismissal should not be automatically barred when a plaintiff has filed suit in his home forum.'" *Id.* at 102 (quoting *Piper*, 454 U.S. at 254 n. 23). *See also Doe v. Ritz Carlton Hotel Company, LLC*, 666 Fed. App'x 180, 183 (3d Cir 2016) (even where plaintiffs resided in the forum in which they brought suit, "[i]t would have been clear error for the District Court to have … given dispositive weight to [plaintiffs'] choice of forum").

The First Circuit has developed a two-part test for determining whether the presumption in favor of a plaintiff's choice of forum should be overcome. "When a defendant moves for dismissal on forum non conveniens grounds, it bears the burden of showing both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *See Iragorri*, 203 F.3d at 12.

The Supreme Court has refused to "lay down a rigid rule to govern" the exercise of the district court's discretion in the *forum non conveniens* analysis, instead emphasizing that "each case turns on its facts" and that it is important for the district court to retain considerable flexibility over the analysis. *Piper*, 454 U.S. at 249–50. "If central emphasis were placed on any

one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable." *Id.*.

As discussed in the subsections below, the two-factor test strongly favors a forum in Canada.

### A. The first step of the two-step *form non conveniens* analysis—the availability of an adequate alternative forum—is satisfied.

"Undeniably, the defendant faces a rather low bar for establishing that the alternative forum is adequate." 14D Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3828.3 (4th ed.). An alternative forum will "[o]rdinarily" be adequate "when the defendant is amenable to process" there, *Piper*, 454 U.S. at 254 n. 22 (internal quotation marks omitted), and where the forum "permit[s] litigation of the subject matter of the dispute." *Id.* But "[t]he availability of an adequate alternative forum does not depend on the existence of the *identical* cause of action in the other forum." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998) (emphasis added). Only where the remedy in the foreign forum is so unsatisfactory as to effectively constitute "no remedy at all," *Piper*, 454 U.S. at 254, will the forum be deemed inadequate.

That the remedies available in a non-U.S. forum might be less generous than the remedies available in a U.S. forum would not render the foreign forum inadequate. *See Iragorri*, 20 F.3d at 14 ("[A] downgrade in remedy …. does not impugn the adequacy of the proposed alternative forum."). Any argument to the contrary, however, would "seem[] somewhat beside the point as it would seem likely that [the law of the place of the accident] would apply regardless of the forum in which the case is to be tried." *Murphy v. BMP Three Ltd.*, 07-CV-11492-RGS, 2011 WL 1356712, at *1 (D. Mass. Apr. 11, 2011).

Here, the defendants are amenable to and hereby consent to process in Canada. This court can condition its *forum non conveniens* dismissal on the defendants' commitment to consent to process in Canada and to litigate there. *See, e.g., Philipps v. Talty*, 555 F.Supp.2d 265, 273

(D.N.H. 2008) ("[T]o avoid unjust results, a dismissal on *forum non conveniens* grounds can be granted conditionally.")

Moreover, there is nothing about Canadian law or the Canadian judicial system that would render Canada an inadequate forum. In support of that conclusion, the defendants are submitting an affidavit from Pascale Dionne-Bourassa, Esq. Ms. Dionne-Bourassa is a partner at the Montreal law firm of d3B Advocates and has more than twenty years of experience practicing civil litigation in the courts of the Province of Quebec. (See Affidavit of Dionne-Bourassa, attached hereto as Exhibit C, ¶¶ 1–4.)

As Ms. Dionne-Bourassa explains in her affidavit, the Canadian and Quebecois legal system entitles persons who have suffered personal injuries to recover full compensation from the person or entity responsible for the harm. (*Id.* at ¶¶ 9, 12, 15–25.) Thus, the Canadian and Quebecois legal system "permit[s] litigation of the subject matter of the dispute" presented by Plaintiff. *Piper*, 454 U.S. at 254 n. 22 (internal quotation marks omitted).

Under applicable Quebecois law, the statute of limitations for personal-injury claims is three years. (*Id.* at ¶¶ 26–29.) Because the accident occurred in April 2016, there will be sufficient time to pursue a remedy in Quebec.

Ms. Dionne-Bourassa also affirms that Plaintiff's status as a U.S. citizen will not prejudice her right to bring an action before the Quebec courts. (*Id.* at ¶¶ 31–43.)

For all these reasons, Canada (and its province of Quebec) is an adequate alternative forum. Other federal district courts have so held. *See, e.g., Prime Materials Recovery, Inc. v. Martin Roy Transp.*, Civ. Act. no. 3:07 -1169AHN, 2008 WL 2095550, at *2–3 (D. Conn. May 16, 2008) ("Quebec is an adequate alternative

forum because [defendant] is amenable to process there and the dispute can be litigated there.") (internal citation omitted); *In re Montreal Maine & Atl. Ry., Ltd.*, 574 B.R. 381, 387 (Bankr. D. Me. 2017) (finding Canada to be an adequate alternative forum).

**B.     The second step of the two-step *forum non conveniens* analysis—the balancing of the public-interest and the private-interest factors-- is satisfied.**

To satisfy the second and final step of the *forum non conveniens* analysis, a defendant must show that "considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *See Iragorri*, 203 F.3d at 12. This requirement involves a "sophisticated balancing: the defendant must show that the compendium of factors relevant to the private and public interests implicated by the case strongly favors dismissal." *Id*.

"Considerations relevant to the litigants' *private interests* include 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [and the] possibility of view of premises, if view would be appropriate to the action.'" *Id.* (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)) (emphasis added).

"Factors relevant to the *public interest* include such things as the administrative difficulties of docket congestion; the general goal of 'having localized controversies decided at home,' and concomitantly, ease of access to the proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty." *Iragorri*, 203 F.3d at 12 (quoting *Gulf Oil*, 330 U.S. at 508) (emphasis added).

Where the district court "has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper*, 454 U.S. at 257.

Where the events relating to the underlying wrong occurred in the foreign forum, that fact "weighs heavily in favor of the foreign forum," *Interface*, 575 F.3d at 104, for it implicates virtually all of the relevant public and private interest considerations. *See also, e.g., Howe v. Goldcorp Invest., Ltd.*, 946 F.2d 944, 951 (1st Cir.1991) (holding that the balance of conveniences favored with "unusual strength" a forum in Canada because "[t]he relevant events surrounding" the "claims took place in Canada, not in the United States").

The decision in *Slattery v. Walt Disney World Co.,* Civ. Act. No. 03-267-M, 2003 WL 22888860 (D.N.H. Dec. 8, 2003) serves as a useful illustration of that principal—and as a roadmap for purposes of the present motion. *Slattery* centered on facts similar to those in our case: the *Slattery* plaintiff was a New Hampshire residence who asserted premises-liability claims in federal court in New Hampshire that sought to hold the defendant liable for her husband's death by drowning at a hotel in Florida. *See Slattery* 2003 WL 22888860 at *1–2.

The *Slattery* court acknowledged that the plaintiff's choice of forum was entitled to deference, and that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at *3. Deference to the plaintiff's choice of forum, however, was outweighed by virtually all of the other factors relevant to the *forum non conveniens* analysis. Among the factors identified by the court as weighing strongly in favor of litigation in Florida was the fact that the majority of evidence and witnesses were likely to be located in Florida, *see id.* at * 4; the fact that Florida, as the site of the accident, had a "substantial interest … in the outcome of this case—an interest that New Hampshire simply does not share," *id.*; the fact that, should the case proceed to trial, the "parties … would likely want the jury to take a view of the pier" where the drowning had occurred, *id.*; and the fact that a Florida court would have "greater familiarity with" applicable "Florida common law," *id.* at *5. Those factors, the *Slattery* court concluded, "strongly counsel[ed] in favor of transferring this action" to the jurisdiction where the accident occurred in order "to insure a fair, orderly, and cost-effective resolution of plaintiff's negligence claims against" the hotel owner. *Id.* at *5.[1]

---

[1] Although the *Slattery* court conducted its analysis under the venue-transfer statute of 28 U.S.C. § 1404(a), it recognized that the *Gulf Oil* factors "remain relevant when we consider whether, under section 1404(a), it is appropriate to transfer an action." 2003 WL 22888860 at *3. To the extent that the *Slattery* court felt freer to find for the defendant where the result would be transfer rather than outright dismissal, *id.* at *3, the analysis is for all practical purposes the same here, where it is undisputed that Plaintiff would be able to re-file her action in Canada and where all of the defendants expressly consent to her doing so.

For much the same reason as the *Slattery* court resolved the *forum non conveniens* factors in favor of litigation in the forum where the accident occurred, the relevant private and public factors here strongly favor a forum in Canada.

### 1. The private-interest factors strongly favor a forum in Canada

Each of the private-interest factors articulated by the *Iragorri* court points toward Canada.

***Access to sources of proof and ability to compel the attendance of witnesses.*** Of "primary importance" in any *forum non* conveniens analysis is the access of the parties to evidence for trial. *Auxer v. Alcoa, Inc.*, 406 Fed. App'x 600, 604 (3d Cir. 2011).

That is especially true where there are important party and third-party witnesses who cannot be compelled to present live testimony in the original forum. As the Supreme Court has recognized, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil v. Gilbert*, 330 U.S. 501, 511 (1947). Indeed, courts tend to view as the most important factor in the *forum non conveniens* analysis the ability to secure live testimony from essential witnesses. *See, e.g., Howe*, 946 F.2d at 951–52 (citing with approval the Second Circuit's decision in *Schertenleib v. Traum*, 589 F.2d 1156, 1165 (2d Cir.1978) for its statement that "inability to bring [witnesses] here for live cross examination before a fact-finder" is "[p]erhaps the most significant problem" making adjudication in a United States court inappropriate); *Iragorri*, 302 F.3d at 17 ("[T]he live testimony of [key] witnesses for the purposes of presenting demeanor evidence [is] essential to a fair trial.") (brackets in original); *Brookfield Mach., Inc. v. Calbrit Design*, 929 F.Supp. 491, 501 (D. Mass. 1996) ("[T]he convenience to the expected witnesses is "probably the most important factor, and the factor most frequently mentioned.").

By Plaintiff's own account, this case centers on the condition of the premises of a Montreal hotel; on what the hotel's management, staff and other personnel, agents, and third-

party contractors allegedly did or did not do with respect to the condition of the premises; on the sufficiency of the training and safety measures that were in place at the Montreal hotel on the day of the accident; on whether the hotel was in compliance with Quebecois regulations; and on the details and conclusions of an investigation done by the Quebec Building Authority after the accident. (Complaint, ECF Doc. 1-3, ¶¶ 42–58, 58–61, 71–72.) In connection with the accident, there were hotel guests who witnessed the accident; there were emergency personnel who initially responded to the accident; and there were hospital personnel who treated Mr. Ganjui and his son. (*Id.* at ¶¶ 59–61.)

Thus, by Plaintiff's own account, in addition to numerous hotel employees, persons with essential information relevant to this case are likely to include third-party first-responders, third-party hotel guests, third-party hospital personnel, and third-party officials of the Quebec Building Authority. But, as the First Circuit has recognized, "only Canadian courts, not courts within the United States, have the legal power to compel the testimony of" Canadian witnesses." *Howe*, 946 F.2d at 951. Thus, there are essential witnesses in Canada whose testimony this court cannot compel. There may also be hotel staff who lack the necessary visas or passports to travel to the United States to testify. By contrast, nothing will prevent Plaintiff and her family from traveling to Canada to testify. Thus, the fact that courts usually treat as the most important factor in the *forum non conveniens* analysis—the ability to ensure that essential witnesses will present live testimony—strongly favors a forum in Canada.

Most of the documentary evidence crucial to this case is also likely to be located in Quebec and in many instances to be beyond this court's subpoena power. Among those documents are the records of the investigation conducted by the Quebec Building Authority, the accident reports prepared by the local authorities, hotel records pertaining to hours of pool operation, pool access, staffing of the pool, warnings and instructions pertaining to pool use, training records, incident reports, hospital records, building codes, and building plans.

***Possibility of view of the premises.*** Because the central issues in this case will center on hotel pool operations, training of staff and whether the swimming pool at the hotel was

sufficiently safe and compliant with applicable building and safety codes, the fact-finder will likely benefit from a visit to the premises. But such a visit can occur only if this case is tried in Quebec. That factor also weighs in favor of a forum in Quebec. *See Slattery*, 2003 WL 22888860 at \*4 (finding in favor of a forum where the accident occurred in part because, "[s]hould this case proceed to trial, the parties (or, at a minimum, [the hotel owner]) would likely want the jury to take a view of that pier [where the decedent drowned]. Such a view would be virtually impossible if plaintiff's claims were litigated in this forum."); Gulf Oil, 330 U.S. at 508 (listing as one of the private-interest factors the "possibility of view of premises, if view would be appropriation to the action").

***Joinder issues***. "[T]he inability to implead potential third-party defendants" is a factor that can weigh in favor of a *forum non conveniens* dismissal. *Piper*, 454 U.S. at 259. Here, that factor weighs in favor of litigation in Canada. For to the extent that any third parties may be responsible for the design and maintenance of the premises, they are likely located in Canada and would thus not be subject to this court's jurisdiction, meaning that the defendants would be unable to join them as additional defendants in this case.

## 2. The public-interest factors strongly favor a forum in Canada

All of the relevant public-interest factors weigh in favor of Canada.

***Administrative issues of docket congestion and trial court's familiarity with the appropriate rules of decision.*** If this court retains this case, it will have to engage in the "complicated and time-consuming process" of issuing letters rogatory to the consulate in the foreign jurisdiction "to compel the depositions of any unwilling witnesses" there. *Doe v. Ritz Carlton Hotel Co.*, LLC, 2015 WL 221106, at \*3 (E.D.Pa. 2015), *aff'd* 555 Fed. App'x 180 (3d. Cir. 2016). As the district court in *Doe* noted, such an obligation weighs against maintaining jurisdiction because it "would put a tremendous strain on the efficiency and resources of the Court as well as the parties and would not be necessary if the case proceeded in the" foreign jurisdiction. *Id. Cf. also DeYoung v. Beddome*, 707 F.Supp. 132, 139 (S.D.N.Y. 1989) (the

prospect of having to have "discovery of third parties in Canada … be conducted by cumbersome letters rogatory" was one of the factors that made it "downright perverse to argue that there is anything close to equal convenience in trying this case here [as] in Canada).

Putting additional strain on the resources of the court is the fact that the substantive law will likely be the law of Canada and Quebec, where the accident occurred. *See Murphy,* 2011 WL 1356712 at *1 (the applicable substantive law is likely to be the law of the place where the accident occurred). This court would thus have to become sufficiently familiar with the law of Canada and Quebec, and with the various local building and safety regulations that Plaintiff alleges were violated.

Adding to the burden on the court and the jury is the fact much of the documentary evidence will be in French, which a Quebecois court would be much better equipped to handle. Where, as here, the documentary evidence is in a foreign language and would "require[] translation to English," that "factor militates strongly in favor" of the foreign forum. *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 982–83 (2d Cir. 1993)

***Local interests in having the case tried at home, and the burdens of jury duty.*** Courts recognize that, where an accident has occurred, there is usually a strong local interest in having the case tried in the place where the accident occurred. *See, e.g.*, *Iragorri*, 203 F.3d at 12 (referring to "the general goal of having localized controversies decided at home") (quotation marks omitted); *Slattery*, 2003 WL 22888860 at *4 ("[T]he provisions (and enforcement) of local building codes and safety regulations, as well as [the hotel owner's] compliance with them, will be relevant to plaintiff's case. Plainly, those are issues of substantial local concern.").

Relatedly, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." *Id*. at *3.

Because the accident occurred in Canada, and because the condition of the Montreal hotel is of no unique interest to persons outside Canada, both of these factors favor a forum in Canada.

*     *     *

For the same reasons as applied in *Slattery*, the balance of all of the private-interest and the public-interest factors "strongly favor litigating the claim in" Canada. *Iragorri*, 203 F.3d at 12. Accordingly, this court should exercise its discretion to dismiss this case in favor of a forum in Canada. *Cf. LTX Corp. v. Daewoo Corp.*, 979 F.Supp. 51, 60 (D. Mass. 1997), *aff'd,* 141 F.3d 1149 (1st Cir. 1998) (O'Toole, J.) (*forum non conveniens* analysis weighed in favor of forum in Korea where "[m]any of the witnesses, party and non-party, live in Korea. The contract was negotiated, at least in part, by LTX's Asian and Korean subsidiaries, so that it is likely that some of the plaintiff's own witnesses would also come from Korea"); *cf. Transunion Corp. v. Pepsico, Inc.,* 640 F.Supp. 1211, 1216, (S.D.N.Y.1986) (location of witnesses and documents in Philippines, and need to use letters rogatory for discovery, all favored dismissal on forum non conveniens grounds), aff'd, 811 F.2d 127 (2d Cir.1987).

## II.  In the alternative, this case should be dismissed because this court lacks personal jurisdiction over the defendants.

"In Massachusetts, a court may exercise personal jurisdiction over a foreign defendant if such jurisdiction is authorized by state statute and its exercise does not offend the Due Process Clause of the Fourteenth Amendment. Because the First Circuit has generally treated the limits of Massachusetts' long-arm statute as coextensive with those of the Due Process Clause, the Court may sidestep the statutory inquiry and proceed directly to the constitutional analysis." *Gallagher v. Amedisys, Inc.*, 17-CV-11390-ADB, 2018 WL 2223673, at *3 (D. Mass. May 15, 2018) (Burroughs, J.) (internal citations and internal quotation marks omitted).

Under the constitutional standard, personal jurisdiction over a defendant may be either general or specific. *See id.* at *4. Here, neither the requirements for establishing general jurisdiction nor the requirements for establishing specific jurisdiction can be met, so this court has no jurisdiction over the defendants.

**A.      There is no specific jurisdiction**

"To determine whether it may exercise specific jurisdiction, the Court conducts a three-part inquiry," the first part of which is that "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum state activities." *Id*. at *4.

"Relatedness requires that the action ... *directly arise out* of the specific contacts between the defendant and the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016) (ellipsis in original; citation and internal quotation marks omitted; emphasis added.) *See also Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 290 (1st Cir. 1999) ("[T]he relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.") (citation and internal quotation marks omitted).

Here, Plaintiff alleges that the decedents were fatally injured on the premises of a hotel in Montreal. She alleges that the defendants were responsible for the accident by allegedly failing to ensure that the premises were safe. But she does not allege that the defendants did anything in Massachusetts that caused the premises of the hotel in Montreal to be unsafe. Therefore, Plaintiff's claims do not arise from the defendants' purported Massachusetts activities. There thus can be no specific jurisdiction.

The only Massachusetts-specific activities that Plaintiff mentions in her complaint are in the nature of print and/or internet marketing activities that the defendants allegedly conducted, or caused to be conducted, in Massachusetts. But Reluxicorp's alleged failure to ensure that the Hotel's swimming pool was safe did not "directly arise out of," *Baskin-Robbins*, 825 F.3d at 35, the defendants' alleged Massachusetts-related marketing activities. The defendants' Massachusetts marketing activities thus cannot give rise to specific jurisdiction in Massachusetts.

The case law supports that conclusion. Thus, for example, in *In Badia v. Hamanasi Adventure & Dive Resort*, 16-CV-10252-LTS, 2017 WL 551817 (D. Mass. Feb. 10, 2017), the plaintiffs had alleged that they had been injured at a hotel in Belize, and sued in Massachusetts

the resort's owners, who were located in Belize. *Id.* at *1. The plaintiffs argued that this court could exercise specific jurisdiction over the defendants because the defendants advertised in Massachusetts, maintained a website that was available to residents in Massachusetts, and communicated with the plaintiffs in Massachusetts about their upcoming visit. *See id.* at *4. This court held that those contacts with Massachusetts fell far short of providing a basis for specific jurisdiction because the plaintiffs could not show that the resort's "advertising, website, representations to the [plaintiffs], or sale of the travel package in November 2012 caused the injur[ies] Plaintiffs suffered in Belize on February 22, 2013." *Id.* at *4. That logic shows why specific jurisdiction does not lie here.[2]

## B. There is no general jurisdiction.

"It is … incredibly difficult to establish general jurisdiction [over a corporate defendant] in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

That has been true ever since the Supreme Court's "watershed case," *Famular v. Whirlpool Corp.*, 16 CV 944-VB, 2017 WL 2470844, at *4 (S.D.N.Y. June 7, 2017), of *Daimler AG v. Bauman*, 571 U.S. 117 (2014). In *Daimler*, the Court rejected as "unacceptably grasping" the plaintiffs' invitation to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Id.* at 138 (internal quotation marks omitted).

The general-jurisdiction inquiry, the Court explained, is not "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic'";

---

[2] *See also Sun Trust Bank v. Sun Int'l Hotels Ltd.,* 184 F.Supp.2d 1246, 1270 (S.D.Fla. 2001) ("[A] negligence action for personal injuries sustained at a hotel while vacationing in another country does not 'arise from' the simple act of making a reservation by calling the hotel's reservations office in Florida.") (internal quotation marks omitted); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1224 (11th Cir. 2009) ("The problem with this but-for approach [to specific jurisdiction] is that it is over-inclusive, making any cause of action, no matter how unforeseeable, necessarily 'related to' the initial contact.").

rather, it is whether the "contacts are so 'continuous and systemic' as to render it essentially *at home* in the forum State." *Id*. (internal quotation marks and brackets omitted) (emphasis added). A corporation will always be "at home" in the state of its incorporation and in the state of its principal place of business. *See id*. at 137. Rarely—if ever—will a corporation be "at home" elsewhere.

On this last point, the *Daimler* Court elaborated: "We do not foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19 (internal citations omitted). However, a "corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* at 139 n. 20.

As the Second Circuit has explained: "[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). And as this court has explained: "Although there may be an 'exceptional case' where general jurisdiction is appropriate in a state other than the state of incorporation or where the principal place of business is located, the Supreme Court has not explained what circumstances would give rise to such an exceptional case." *Scallop Imaging, LLC v. Blackhawk Imaging, LLC*, 17-CV-10092-ADB, 2018 WL 1440314, at *3–4 (D. Mass. Mar. 22, 2018) (Burroughs, J.).

From these principles, it follows that Massachusetts has no general jurisdiction over any of the defendants. None of the defendants are incorporated in Massachusetts. None of the defendants have their principal place of business in Massachusetts. Indeed, Reluxicorp has no operations whatsoever in the United States, let alone Massachusetts. Marriott International and Marriott Worldwide have operations throughout the world and throughout the United States. Plaintiff cannot meet her burden of proving that there are any circumstances that make this the

"exceptional case" where Marriott International and Marriott Worldwide are virtually "at home" in Massachusetts.

On the contrary, the Gordon Affidavit shows that, of the approximately 6,700 Marriott-branded properties in existence worldwide, only 118—or about 1.76 percent—are in Massachusetts. (See Gordon Affidavit, Exhibit A hereto, at ¶¶ 7–10.) None of these Massachusetts hotels have anything to do with the oversight and operation of the pool at the Montreal hotel. The post-*Daimler* case law is clear that a business that conducts three percent or less of its operations in a particular state will fall far short of being subject to general jurisdiction in that state on that basis. *See, e.g.*, *Saeed v. Omex Sys., Inc.*, 16-CV-11715-ADB, 2017 WL 4225037 (D. Mass. Sept. 22, 2017) (Burroughs, J.) (defendants not subject to general jurisdiction in Massachusetts where they conduct "less than 3% of their business in Massachusetts") (citing cases); *see also Brighter Sky Prods., LLC v. Marriott Int'l, Inc.*, No. 5:17-cv-3254, 2018 WL 2248601 (S.D.W.V. May 16, 2018) (no personal jurisdiction in West Virginia over Marriott for copyright claims arising from play performed in Illinois); *DeGregorio v. Marriott Int'l, Inc.*, No. 17-3867, 2017 WL 6367894 (E.D. Pa. Dec. 13, 2017) (no personal jurisdiction in Pennsylvania over Marriott for personal injury claims arising from fall in Mexico); *Lescano v. Marriott Int'l, Inc.*, Case No. 8:17-cv-1497-T-30MAP, 2017 WL 10299576 (M.D. Fla. Aug. 9, 2017) (no personal jurisdiction in Florida over Marriott for personal injury claims arising from fall in Germany); *Spear v. Marriott Hotel Serv's, Inc.*, No. 15-6447, 2016 WL 194071 (E.D. Pa. Jan. 15, 2016) (no personal jurisdiction in Pennsylvania over Marriott and Marriott subsidiaries for personal injury claims arising from fall in Puerto Rico).

In sum, this is not the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. 117 at 139 n.19. Massachusetts has no general jurisdiction over Marriott.

## CONCLUSION

This Court should dismiss this case under the *forum non conveniens* doctrine. This case should also be dismissed for lack of personal jurisdiction.

Respectfully submitted,

CAMPBELL CAMPBELL EDWARDS &
   CONROY, PC

  */s/ Jeffrey E. Falvey*
James M. Campbell (BBO#541882)
Jeffrey E. Falvey (BBO#698891)
1 Constitution Wharf, Suite 310
Boston, MA 02129
T: 617-241-3000
F: 617-241-5115
jcampbell@campbell-trial-lawyers.com
jfalvey@campbell-trial-lawyers.com

COZEN O'CONNOR

  */s/ Michael A. Savino*
Michael A. Savino, Esquire (#568826)
45 Broadway, 16th Floor
New York, NY 10006
T: 212-908-1233
MSavino@Cozen.com


*Attorneys for Defendants,*
*Marriott International, Inc., Marriott*
*Worldwide Corporation and Reluxicorp, Inc.*
*d/b/a The Residence Inn by Marriott*


Dated: November 30, 2018

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that prior to the filing of this motion counsel for the parties have conferred and have attempted in good faith to resolve or narrow the issue.

*/s/ Jeffrey E. Falvey*
Jeffrey E. Falvey

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018, the foregoing Motion to Dismiss Plaintiff's Complaint was electronically filed with the Court using the ECF system.

*/s/ Jeffrey E. Falvey*
Jeffrey E. Falvey